## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

JUAN CARLOS BALCELLS
GALLARRETA

DEBTOR(S)
NOREEN WISCOWITCH RENTAS,
TRUSTEE

PLAINTIFF(S)
AMARILIS GONZALEZ GARCIA
DEFENDANT(S)

CASE NO. 11-06637 MCF

Chapter 7

ADVERSARY NUMBER: 14-00137

### ANSWER TO THE COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Creditor AMARILIS GONZALEZ GARCIA, prose, in her capacity as co-owner of conjugal community property, and respectfully, alleges, states and requests:

### ANSWER TO THE AVERMENTS

1. Regarding the averments contained in Paragraph 1, 2, 3, and 6 of the Complaint, the same contains a statement of law that does not require a response, if required they are denied.

2. Regarding the averments contained in Paragraphs 4 and 5 of the Complaint, the same are denied. The participation percentages applicable have been altered due to the actions of the debtor and/or plaintiff before and after the filing of the bankruptcy.

3. Regarding the averments contained in Paragraph 7 of the Complaint, the same is admitted.

4. Regarding the averments contained in Paragraph 8 of the Complaint, the same is denied for lack of knowledge or information sufficient to form a belief about the truth of the allegation.

5. Regarding the averments contained in Paragraph 9 of the Complaint, the same is denied. The Trustee cannot sell the estate interest and the interest of the defendant. The conditions required by the provision of 11 USC sec.363 are not met. Provisions providing partition is conflicted and restricted by P.R State Law Decree. Trustee does not have jurisdiction and cannot interfere in a domestic relations decree.[1]

---

[1] Supreme Court held that "The premise behind the domestic relations exception is that federal courts should not interfere in domestic disputes, including disputes over marital property or the custody of children, because state courts have developed the proficiency and

1

6.   Regarding the averments contained in Paragraph 10 of the Complaint, the same is denied relying on the fact that the actions by the debtor and/or plaintiff have alter the liability of any other secured and unsecured claims.

7.   Regarding the averments contained in Paragraph 11 of the Complaint, the same is denied. The plaintiff actions to sell the property will not result in any proceeds to the creditors of the estate. Plaintiff's assumption that the estate will benefit from the sale of this real property is incorrect and conflicted.  If the same is sold as a single unit or as a percentage of interest held by the estate, it will not result in any proceeds for distribution to the other creditors. The definition of rentability must meet the test that the net proceeds from the sale will exceed the total of the liens including provisions held by judgment of the local court regarding this real property.

8.   Regarding the averments contained in Paragraph 12 of the Complaint, the same is denied because the debtor's participation has been altered by the actions of the debtor and/or plaintiff.  Once the participation monetary adjustment is determine, the distribution to the plaintiff will be adjusted by all administrative expenses applicable by Bankruptcy Code.  The definition of rentability would not be met even further. Moreover, is restricted by a local decree.

9.   Regarding the averments contained in Paragraph 13a of the Complaint, the same is denied. The existing liens, state law provisions and additional cost to be incurred in the sale will imposed additional damages to defendant and the minors.  The definition of rentability would not be met even further and is conflicted.

10.   Regarding the averments contained in Paragraph 13 b and c of the Complaint, the same is denied as not applicable to the specific circumstances liens and local court provisions. The property Trustee request to sell is one in which the debtor maintains substantial priority debt in favor of defendant by an amount greater than his participation in the assets. Notwithstanding, Trustee is requesting permission to sell.

specialized resources necessary to handle such cases." Elias v. Elias, 2013 U.S. Dist. LEXIS 98984 at **24-25, 2013 WL 3777069 at *8 (D. Mass. 2013), citing Ankenbrandt v. Richards, 504 U.S. at 703. Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) The domestic relations "exception prohibits federal courts from issuing or altering divorce, alimony, and child custody decrees.

11.  Regarding the averments contained in Paragraph 13d of the Complaint, the same is denied.  The property Trustee intends to sell is designated as Homestead "Hogar Seguro" by a State Law Decree for the benefit of two minors. On May 2012, the Trustee agreed to sell to defendant the alleged participation of debtor's ownership. Having elapsed more than two years since then, the participation percentage applicable has been altered resulting in additional credits increasing the defendant participation in the assets consisting on applicable portion to mortgage payments, maintenance expenses, insurance, property taxes, homeowners association fees, legal fees and expenses incurred in the management of this file and other related to actions by debtor and/or plaintiff to prevent an adequate distribution of assets. Therefore it is not reasonable to conclude that the benefit of a sale outweighs the detriment to the Defendant.  Precisely, we can ascertain the plaintiff actions have been in bad faith in detriment to the defendants and two minors.  Moreover, the Debtor and/or Trustee have maintained hands off in any reasonable actions to protect and maximize the estate.

## II. AFFIRMATIVE DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  The debtor has obstructed and paralyzed determination for distribution in the conjugal partnership liquidation case in the local state district court with the only intention to defraud Defendant and creditors.

3.  Debtor accumulated debts after the divorce was filed. Defendant is not responsible for Debtor debts after this date or the ones to defraud defendant.

4.  Debtor accumulated debts with his new community property with actual spouse. Defendant is not responsible for Debtor debts during these period.

5.  The Honorable Court should abstain from this case as per 28 U.S.C. Sec. 1334 (c)

6.  The case does not comply with the condition of sale required by 11 U.S.C. Sec 363(f),(h),(i),(j) and 11 USC Sec 726(c) in order to sell the property in question with Defendant interest in it.

7.  The sale is unlawful since the economic and/or non-economic detriment caused to Defendant and the minors involved, outweighs the benefit to the Estate.

3

8. The property in question is exempt under 11 U.S.C. Sec. 522(b)(2)(B) and under state law.

9. The Trustee intends to sell a property altering a State Law Decree with a prohibition to sell which designated the property as Homestead ("Hogar Seguro") for the protection of two minors.

10. Trustee was pointed to other assets that can be distributed after determining debtor's participation.

11. After computing credits entitled in liquidation of his former conjugal partnership, Defendant's interest in the property in question is equal to 100% of the value of the property.

12. Selling the property would only result in the benefit of debtor and/or trustee.

13. Defendant is entitled to the offset defense under 11 U.S.C. Sec. 542(b), which expressly exempts a turnover claim filed by a debtor or its trustee "to the extent that such debt may be offset under 11 U.S.C. section 553 [11USCS Sec. 553] against a claim against the debtor." Defendant submits that it is entitled to credits on liquidation of the conjugal community property which offset Debtor's interest for said property.

14. Defendant reserves the right to amend this list of affirmative defenses after Discovery and also includes the following allegations as affirmative defenses.

## COUNTERCLAIM

1. On August 5, 2011, the debtor presented petition under Chapter 7 of Bankruptcy.

2. In the Bankruptcy petition, Debtor has omitted assets but has included commercial debts directly related to these obliterated assets.

3. During the meetings of creditors, Defendant pointed that debtor was the owner of other assets controlled by him and his father named Juan Balcells.

4. Without authorization and permission of the court of the Bankruptcy, and against the bankruptcy rules, debtor sold a boat declared on his Bankruptcy petition as exempt. The Post-petition transfer occurred without the Court's permission and the court's knowledge. Trustee intention to protect the estate revoking debtor discharge. Post-bankruptcy Transfer, 11 USC sec. 549.

5.  On February 2012, Defendant made an offer to Trustee to buy the property at Villas Reales and informed Trustee that the conjugal property was not distributed.

6.  Debtor obstructed discovery and paralyzed the procedures of distribution of conjugal property at State Court.

7.  On May 2012, Trustee accepted the offer made by Defendant to purchase the aforementioned property.

8.  Trustee delayed sale of the property until January 2014 and never settled. On December 2013, Trustee delivered Stipulation drafts conditioning the sale, (1) requiring Defendant to eliminate proof of claim for domestic support obligation (Priority Claim under 11 U.S.C. Sec.101), (2) requiring Defendant to eliminate the protection of Homestead (Hogar Seguro) by filing motion to alter a State Court Decree designating the property at Villas Reales as "Hogar Seguro" for the protection of two minors and (3) requiring to withdraw any proof of claims defendant might have filed in the past for any pre-petition debts owed by debtor and/or any claim defendant might have regarding the property.

9.  The Stipulation was never made final.  Instead, Trustee proceeded to file this complaint.

10. Trustee procrastinated closing process for more than two years, causing defendant to accumulate additional credits by the expenses incurred on behalf of the property. Defendant is entitled to a diversity of credits that must be revised to update the participation of the debtor in the property that Trustee intends to sell. The rentability asset test of this intended transaction, if performed, would result that debtor does not owned a participation in the property intended to sell that represent any distribution to the creditors.

11. On 2013, the Defendant personally delivered Trustee a Forensic Report reporting properties and documentation evidencing traces of fraud, and requesting Trustee to investigate, according to 11USC Sec. 704, to use her avoidance powers to recover the omitted properties. The Section 549(a)(2)(B) of the Bankruptcy Code applies for the transfer of the real estate avoidable by the Trustee because the court's permission was not obtained. A bankruptcy trustee can also seek return of property transferred for less

than fair market value for six years prior to the filing of an action to void such transfers. Fraudulent Transfers Act under 11 U.S.C. § 544(b)(1).

12. Now, having elapsed more than two years since the acceptance of the offer, it is incorrect and unreasonable to allege that the sale of the property to a third party would maximize the participation of the debtor and/or the money to the estate or the Trustee. On the contrary, the time elapsed have reduced the participation of the debtor in the assets affecting an investigation and the chances to recover the other assets pointed since the filing and later in the forensic report presented to the Trustee.

13. Moreover, the other assets reported in Forensic Report must be considered to determinate the correct participation of debtor's in the assets before any distribution of the estate, though Trustee has elected not to investigate or recover. Debtor intentionally and maliciously obstructed discovery and distribution of conjugal community property in State Court to defraud Defendant and other creditors.

14. Defendant pointed Trustee other assets, not protected under any law including a commercial property donated to an insider, after Debtor Bankruptcy filing, Post-petition, to defraud defendant and creditors. Permitting disposition of property would deprive any distribution including distribution of conjugal property properly. Allowing discharge of commercial debts related to donate and omitted property will affect distribution and add damages to defendant.  Thus, causing additional damages for the complaint against defendant exclusively due debtors discharge for the payment of commercial debt while entity still operates under exclusive control of debtors.

15. Trustee intends to sell instead a property protected by a prohibition to sell under State Law in alteration of State Law Judgment.

16. The Trustee acceptance of the offer, among others, placed the Defendant in a position of undue waiting and uncertainty, which caused unnecessary expenses, loss of income, and other economic damages caused to the defendant and his minor children.

17. The intent and request for permission to this Honorable Court for this sale is in bad faith. Trustee is making a misrepresentation stating that the sale would benefit the estate belonging to the debtor. This

representation and any further action is causing irreparable damage to the defendant and her minor children. The only affected parties by Trustee intentions are the defendant and his two minor children.

18. Defendant requests an investigation and recovery of the omitted assets to adequate determine Debtor participation before any distribution to distribute the community property properly.

19. Defendant request this Court to adjudicate the subject property to the Defendant considering all credits applicable and the information provided discovered after Bankruptcy filing containing traces of fraud.

20. Due to Debtor pre-petition and post-petition fraudulent transfers, Defendant requests this Honorable Court to revoke Debtor Discharge. 11 USC sec. 727(a) (2) A revocation of discharge within one year is permitted and allowed under 11 U.S.C. § 1328(e).

**WHEREFORE** it is respectfully requested that this Honorable Bankruptcy Court denies the complaint, adjudicate subject property to defendant as applicable under the provisions of Bankruptcy Law.

RESPECFULLY SUBMITTED
In San Juan, Puerto Rico, on August 11, 2014.

Amarilis González García
P.O. Box 11083
San Juan, Puerto Rico 00922
Tel. 787-605-0704
Email: amarilis@ymail.com