IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**JUAN CARLOS BALCELLS GALLARETA**<br>DEBTOR<br><br>---<br><br>**NOREEN WISCOVITCH RENTAS**<br>TRUSTEE FOR THE ESTATE OF JUAN BALCELLS GALLARETA<br><br>Plaintiff<br><br>v.<br><br>**AMARILIS GONZÁLEZ GARCÍA**<br><br>Defendant | CASE NO. 11-06637 MCF<br><br>CHAPTER 7<br><br>Adv. No. 14-00137 |

## ANSWER TO COUNTER CLAIM

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, the Chapter 7 Trustee of the Bankruptcy Estate of Juan Carlos Balcells Gallareta, through the counsels, and respectfully show and pray:

1. Allegations of paragraph number one (1) of the Counterclaim are admitted.

2. Allegations of paragraph number two (2) are denied for lack of knowledge and/or evidence. Counter-claimant has not provided evidence to support this allegation. Furthermore, even if Counter-Plaintiff allegations were true, which is denied, this is not the appropriate proceeding for this claim.

3. Allegations of paragraph number three (3) are denied. Counter-claimant has not provided evidence to support this allegation. Even if Counter-Plaintiff allegations were true, which is denied, this is not the appropriate proceeding for this claim.

4. Allegations of paragraph number four (4) are objected for their content is not understood. A more specific allegation is requested. Shall a pleading be necessary, the allegations are denied.

5. Allegations of paragraph number five (5) are objected for their content is related to settlement negotiations, which are not admissible, pursuant to Rule 408 of the Federal Rules of Evidence. Shall a pleading be necessary, the allegations are denied. Previous to the filing of the present adversary complaint, Plaintiff made efforts to reach a settlement with Defendant. However, the parties were unable to reach an agreement.

6. Allegations of paragraph number six (6) are denied.

7. Allegations of paragraph number seven (7) are objected for their content is related to settlement negotiations, which are not admissible, pursuant to Rule 408 of the Federal Rules of Evidence. Shall a pleading be necessary, the allegations are denied. Previous to the filing of the present adversary complaint, Plaintiff made efforts to reach a settlement with Defendant. However, the parties were unable to reach an agreement.

8. Allegations of paragraph number eight (8) are objected for their content is related to settlement negotiations, which are not admissible, pursuant to Rule 408 of the Federal Rules of Evidence. Shall a pleading be necessary, the allegations are denied. Counter-claimant allegations are based on State Law, which is preempted by the Bankruptcy Code.

9. Allegations of paragraph number nine (9) are are objected for their content is related to settlement negotiations, which are not admissible, pursuant to Rule 408 of the Federal Rules of Evidence. Shall a pleading be necessary, the allegations are denied. Plaintiff made efforts to reach a settlement with Defendant. However, the parties were unable to reach an agreement.

10. Allegations of paragraph number ten (10) are objected for their content is related to settlement negotiations, which are not admissible, pursuant to Rule 408 of the Federal Rules of Evidence. Shall a pleading be necessary, the allegations are denied. Even if Counter-Plaintiff

allegations were true, which is denied, this is not the appropriate proceeding for this claim. Setoffs are not allowed in Bankruptcy proceedings.

11. Allegations of paragraph number eleven (11) are denied. Even if Counter-Plaintiff allegations were true, which is denied, this is not the appropriate proceeding for this claim.

12. Allegations of paragraph number twelve (12) are denied. The allegations on the instant adversary proceeding complaint are based on the information of the registry of property and applicable laws and regulations. Even if Counter-Plaintiff allegations were true, which is denied, this is not the appropriate proceeding for this claim. Setoffs are not allowed in Bankruptcy proceedings.

13. Allegations of paragraph number thirteen (13) are denied. The allegations on the instant adversary proceeding complaint are based on the information of the registry of property, and applicable laws and regulations. Even if Counter-Plaintiff allegations were true, which is denied, this is not the appropriate proceeding for this claim. Setoffs are not allowed in Bankruptcy proceedings.

14. Allegations of paragraph number fourteen (14) are denied for lack of knowledge and/or evidence. No evidence has been presented to support this allegation. If Counter-Claimant has suffered any damages, which is denied, they have been self-inflicted and due to their negligence and lack of action on their part.

15. Allegations of paragraph number fifteen (15) are denied.

16. Allegations of paragraph number sixteen (16) are objected for their content is related to settlement negotiations, which are not admissible, pursuant to Rule 408 of the Federal Rules of Evidence. Even if Counter-Plaintiff allegations were true, which is denied, this is not the appropriate proceeding for this claim. Setoffs are not allowed in Bankruptcy proceedings. If Counter-Claimant has suffered any damages, which is denied, they have been self-inflicted and due to their negligence and lack of action on their part.

17. Allegations of paragraph number seventeen (17) are denied. The allegations on the instant adversary proceeding complaint are based on the information of the registry of property, and

applicable laws and regulations. Counter-claimant allegations are based on a claim against the Bankruptcy Estate and/or Debtor. Even if the allegations were true, which is denied, this is not the appropriate proceeding for this claim. Setoffs are not allowed in Bankruptcy proceedings. If Counter-Claimant has suffered any damages, which is denied, they have been self-inflicted and due to their negligence and lack of action on their part.

18. Allegations of paragraph number eighteen (18) do not require a response. Shall any response be needed with regards of these allegations, they are denied. However, this is not the appropriate proceeding for this request.

19. Allegations of paragraph number nineteen (19) do not require a response. Shall any response be needed with regards of these allegations, they are denied. However, this is not the appropriate proceeding for this request.

20. Allegations of paragraph number twenty (20) do not require a response. Shall any response be needed with regards of these allegations, they are denied. However, this is not the appropriate proceeding for this request.

**AFFIRMATIVE DEFENSES**

1) The Counter-claim fails to state a claim upon which relief may be granted.

2) The claims asserted in the Counter -claim are totally or partially time-barred.

3) Lack of standing.

4) Lack of privity.

5) Estoppel and laches bar the claims asserted in the Counter -claim.

6) Accord and satisfaction.

7) Cross-claimants have unclean hands or are barred by their own actions and/or omissions.

8) Cross-claimants have acted in Bad Faith.

9) Cross-claimants are pursuing inappropriate and unwarranted claims based on mistaken interpretations of the applicable contracts or lack thereof.

10) Counter-claimant has not suffered any damages.

11) The appearing Counter-Defendants did not incur in negligence or fault.

12) Lack of causal relationship between the alleged damages and the alleged negligence or fault of Counter-claimant.

13) The damages claimed in the Counter-claim are exaggerated and speculative in nature.

14) The damages claimed in the Counter-claim are self-inflicted and are due to their negligence and/or lack of action on their part.

15) The appearing Counter-Defendant pleads each and every applicable affirmative defense identified in Rule 8(c) of the Federal Rule of Civil Procedure, made applicable through Bankruptcy Rule 7008.

16) The claims of the present counter-claim are not allowed under Bankruptcy Rule 7001 nor the Bankruptcy Code dispositions. This is a pre-petition, non-dischargeable claim which should be resolved through the Bankruptcy proceeding and not through an adversary proceeding.

17) The appearing Counter-Defendant reserves the right to supplement and/or amend this Answer to Counter-Claim and Affirmative Defenses upon completion of the discovery to be undertaken.

**WHEREFORE**, based on the foregoing, it is respectfully requested that this Honorable Court to enter a judgment dismissing the Counter-claim and granting Chapter 7 Trustee, fees and attorney's fees.

**NOTICE OF RESPONSE TIME**

**WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION** - and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you

were served by mail - any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this paper with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice otherwise requires. IF NO OBJECTIONS ARE TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE:** I hereby certify that on this same date a copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to Monsita Lecaroz Arribas, Esq., Us Trustee's Office, to 500 Tanca St., Ochoa Building, Suite 301, San Juan, P.R. and to parties in interest.

**RESPECTFULLY SUBMITED**

In San Juan, Puerto Rico, on September 23, 2014.

**/s/ AIMEÉ LÓPEZ PABÓN**
**USDC-PR 229906**
Email: alopez@lbrglaw.com

**Latimer, Biaggi, Rachid & Godreau, LLP**
PO Box 9022512
San Juan, PR 00902-2512
Tel. (787) 724-0230
Fax (787) 724-9171