IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JUAN CARLOS BALCELLS GALLARRETA

DEBTOR(S)
NOREEN WISCOWITCH RENTAS, TRUSTEE

PLAINTIFF(S)
AMARILIS GONZALEZ GARCIA
DEFENDANT(S)

CASE NO. 11-06637 MCF

Chapter 7

ADVERSARY NUMBER: 14-00137

OPOSITION TO REPLY

TO THE HONORABLE COURT:

COMES NOW, Defendant AMARILIS GONZALEZ GARCIA, prose, in her capacity as co-owner of community property, and respectfully alleges, states and requests:

1. On May 30, 2014 Trustee filed adversary proceedings to obtain permission under 11USC section 363 (h) to sell defendant participation in the property to pay debtor debts not related to defendant using defendant participation from the property.

2. The debtor and defendant have been divorced for 9 years. The petition for divorce between the debtor and defendant was filed in December 28, 2006. The debtor has obstructed the liquidation of the community of property between debtor and defendant, which includes participation in a business of which debtor transferred commercial properties to his relatives, properties related to the commercial debts claimed.

3. Two years before the bankruptcy filing, debtor was married to another person who is not the defendant.

4. The trustee mentions abandonment, however, Trustee knows debtor debt with defendant is greater than debtor participation in the property trustee pretends to sell; trustee should have abandoned the property at the commencement of the proceedings.

5. With respect to the claim of detriment, detriment is what Trustee provokes with the frivolous claim that does not proceed in support of debtor false allegations.

6. The orders related to child support, are intended to advance the interest of the Trustee in bankruptcy because it would only increase Trustee economic benefit and would have no benefit to the creditors mentioned. The monthly mortgage payments reduce the principal of the debt and the reduction of the debt would only result in economic benefit to the Trustee when consummated the sale.

7. The trustee must exercise his duties to investigate. Trustee should investigate the debtor, debtor's current spouse, the business receiving the bankruptcy discharge, and the individuals and entities that have been receiving the transfers and assisting in the transfers related to the debts discharged that Trustee intends to pay with property proceed from the sale.

I. OPPOSITION TO REPLY

1. In relation to claim # 1, it is admissible and directly related to the claim because in exercising its duties and obligations Trustee is aware that the debts intended to pay with the proceeds from the sale of the property are commercial debts of a business the debtor continues to operate, some debts that do not exist and others that do not correspond to the defendant to pay that were incurred while debtor was married to his current wife. It is also admissible because the Trustee did not recover the commercial properties and other assets including the ones that are related to the commercial debts that were discharged in detriment to defendant and children and creditors.

2. Regarding #1, it is admissible and directly related to know that the debts were incurred and correspond to the periods while debtor is married to current spouse. This information related to dates is published in internet court pages and the Court may take notice. The date of the filing of the divorce petition for debtor and defendant is necessary and directly related to the distribution of the community property that Trustee requests. The sale of the property would be equivalent to a take the property without any right to pay debts of third parties other than the defendant, debts that do not exist, debts of a business that continues to operate under the control of the debtor and others. The US Constitution allows Takings (appropriations) of a private property for public use only. The appropriation (taking) requested by the trustee to pay debts of third parties and others that do not exist is not allowed and would constitute a constitutional violation. The residential property Trustee intends to sell cannot be used for public use.

3. The allegation #2 is information related to the civil status of the debtor and is part of the trustee's basic investigation duties and is contained in the bankruptcy filing of the debtor. The information is relevant and necessary for the court to know that the debtor is not married to defendant.

4. Regarding allegation #3 is relevant to know who was the current spouse of the debtor several years prior the bankruptcy filing and is the same spouse today. This information is pertinent for the court to understand that the debtor cannot have two spouses. By alleging the defendant is debtor spouse, would be alleging that debtor has two spouses. Evidence is submitted. Refer to exhibit 1. Trustee cited the case, In re Gurley, that states Trustee responsibility to investigate debtor spouse of Fraudulent Transfers related to properties and assets concealed by spouse but Trustee did not exercise her investigative responsibility despite pointing out that indicates is her responsibility. In re Gurley case, 357BR868,877 (Bankr M.D.Fla 2006)

5. Regarding allegation #4, the procedures and information provided are pertinent and directly related to the obstruction and abuse of the processes that the debtor has maintained for purposes contrary to the law. It is pertinent to know the sequence of events and procedures caused by the debtor to achieve his purposes. The determination of homestead and child support is pertinent to know that the debtor has been affecting the constitutional rights of two minors and obstructing the collection of the child support debt. Trustee validating the debtor claim and allegations would result in assisting the debtor in pursuing purposes contrary to the law. 18 U.S.C. § 1519.

6. Regarding allegation #5 is relevant because the commercial debts discharged the trustee intends to pay with the defendant's participation in the property, trustee omitted to recover the assets and others related that the debtor transferred before and during the bankruptcy proceedings.

7. Regarding allegation #6 is relevant and directly related to the duties and responsibilities of the Trustee to investigate the financial affairs of the debtor. Refer to handbook for chapter 7 trustee. The trustee is not an employee of the debtor and has serve the purpose of his position.

8. Regarding to allegation #7, is pertinent to know that at the date adversary proceeding filed there was (and still pending for payment) a child support debt claim as priority claim, a designation of the property as homestead for the minor and a nonliquidated community property. The presentation of debts that do not exist and debts corresponds to third parties have been included for the purpose mentioned. The evidence requested

3

to investigate is directly connected to the existence of the bankruptcy that would provoke nullity of procedures or any correlated and is also related to Trusteed duties.

9. Regarding allegation # 8, is pertinent to know the sequence of events and proceedings caused by the debtor to achieve its purposes. Copy of document is included. Refer to Exhibit 2.

10. Regarding allegation # 9, is relevant and directly related to the duties and obligations of investigating the financial affairs of the debtor. Refer to handbook for chapter 7 trustee. The trustee is not an employee of the debtor and has to serve the purpose of his position.

11. Regarding allegation # 10, is pertinent to know the sequence of events and proceedings caused by the debtor to achieve its purposes.

12. Regarding allegation #11 and #12, after Trustee confirmed there was not an agreement or compromise, the evidence is pertinent to explain that the agreement was a sham to maintain defendant paying the monthly mortgage of the property that would result in reducing the principal of the debt to only increase the economic benefit of the Trustee. Rule 9019 provides that the court "…the court may approve a compromise or settlement." Trustee alleged she never made a compromise or agreement. The Rule 408 (b) states "Exceptions. The court may admit this evidence for another purpose..." The compromise or agreement was indicated for a purpose other than the prohibited by the rule. It is pertinent to know that at the date adversary proceeding filed there was a child support debt claim as priority claim (and still pending for payment), the designation of the property as homestead for the minors, a nonliquidated community property. The presentation of debts that do not exist and debts corresponds to third parties have been included for the purpose mentioned.

13. Regarding allegations #13, 14, 15, 16 and 17, the procedures and information provided are pertinent and directly related to the obstruction and abuse of the procedures the debtor has maintained for purposes contrary to the law. It is pertinent to know the sequence of events and procedures caused by the debtor to achieve his purposes. Trustee did not give evidence because it was adverse to her claim. The unreasonable waiting and obstruction of procedures by debtor and creditor are being made to impede the recover and tracing of the assets related to identified debt. The evidence is relevant for the distribution of assets that the

Trustee intends. By not considering or recovering transferred assets, it is not possible to know the participation of the debtor in the assets, therefore, would be impossible to distribute.

14. Regarding to allegations #18, 19, 20 and 21, the procedures and information provided are relevant and directly related to the obstruction and abuse of the processes that the debtor has maintained for purposes contrary to the law. It is pertinent to know the sequence of events and procedures caused by the debtor to achieve her purposes. After Trustee confirmation there was not an agreement or compromise, the evidence is pertinent to explain that the agreement was a sham to maintain defendant paying the monthly mortgage of the property that would result in reducing the principal of the debt to increase only the economic benefit of the Trustee. Rule 9019 provides "…the court may approve a compromise or settlement." Trustee alleged she never made a compromise or agreement. The Rule 408 (b) states "Exceptions. The court may admit this evidence for another purpose..." The compromise or agreement was indicated for a purpose other than the prohibited by the rule. It is pertinent to know that at the date adversary proceeding filed there was a child support debt claim as priority claim and still pending for payment, the designation of the property as homestead for the minors, a nonliquidated community property. The presentation of debts that do not exist and debts corresponds to third parties have been included for the purpose mentioned.

15. Regarding allegation #22, is relevant because the trustee's written agreement was made to deceive and to encourage mortgage monthly payment to reduce the mortgage balance debt to only increase economic benefit of the trustee. Also refer to allegations #11 & #12 of page 4 of this document.

16. Regarding allegation #23, is pertinent to know mechanism to manipulate or suggest compliance with the mentioned provision.

17. Regarding allegation #24, It is pertinent to know, that at the date adversary proceeding filed, there was a child support debt claim as priority claim and still pending for payment, the designation of the property as homestead for the minors, a nonliquidated community property. The presentation of debts that do not exist and debts that corresponds to third parties has been included for the purpose mentioned. The evidence requested to investigate is directly connected to the existence of the bankruptcy that would provoke nullity of procedures or any correlated and is also related to Trusteed duties. The Fifth Amendment of the Constitution requires compensation when property is taken for public use. **The property that the trustee asks to sell to**

pay debts of third parties and others constitutes a Taking. **The Trustee cannot take, appropriate or confiscate private property for personal use or the use of third private parties.** The property that the trustee requests to sell cannot be used for public use. Trustee cited a case, In re Gurley, that states Trustee responsibility to investigate debtor spouse of Fraudulent Transfers related to properties and assets concealed by spouse but Trustee did not exercise her investigative responsibility despite pointing out that indicates is her responsibility. In re Gurley case, 357BR868,877 (Bankr M.D.Fla 2006)

18. Regarding allegation #25, 26, 27, is pertinent to know the value of the property that is intended to be sold to evaluate Trustee's request and compliance with provision applicable.

19. Regarding allegation #28, the information on the notice is false. The state court did not notify to defendant the aforementioned Resolution, in violation of the Due Process of Law. Procedures and determinations in violation of the D.P.L. are not valid.

20. Regarding allegation # 29, trustees cited documents under evaluation of the Supreme Court for conflicts of interest arising from a confidential case for child support payments. The documents are related to conflicts of interest among debtor/debtor counsel and judges that were informed to the Supreme Court for the corresponding evaluation. The trustee cannot use invalid determinations on proceedings pending to be assessed by the Supreme Court and, in addition, affirm that the minor child support payments referred in the documents (from a confidential case of child support) are relevant to his claim. Defendant nor minors are waiving confidentiality rights of the child support procedures.

21. Regarding allegation #30, is relevant and directly related to the duties and obligations of investigating the financial affairs of the debtor. The trustee is not an employee of the debtor and has serve the purpose of his position.

22. Regarding allegation #31, is pertinent for the court to be informed when adversary proceeding was filed there was no mortgage debt, therefore trustee's claim did not existed at the date of filing. Is pertinent to prove the debt was provoked by the debtor, trustee and the creditor by causing excessive expenses to obtain results contrary to law. Trustee alleges not knowing bank foreclosure claim but based entire second request for summary judgment on such debt. Debtor and Trustee selectively obtained information form a confidential

case but cannot obtain information from a public case. Trustee duty is to investigate and creditor obligation is to inform bankruptcy court.

23. Regarding allegation #32, 33, 34, the procedures and information provided is relevant and directly related to the obstruction and abuse of the processes that the debtor has maintained for purposes contrary to the law. It is pertinent to know the sequence of events and procedures caused by the debtor to achieve his purposes. It is relevant and directly related to the duties and obligations of investigating the financial affairs of the debtor. Refer to Handbook for Chapter 7 Trustee. The trustee is not an employee of the debtor and has to serve the purpose of his position.

24. Regarding allegation #35, is relevant and directly related to the duties of investigating financial affairs of the debtor. Refer to Handbook for Chapter 7 Trustee. The trustee is not an employee of the debtor and has to serve the purpose of his position. The trustee pointed out In re Gurley case that it requires investigating current debtor spouse of fraudulent transfers but did not investigate the debtor's wife. In re Gurley, 357 BR868, 877 (Bankr M.D.Fla 2006). It is pertinent to know, at the date adversary proceeding filed there was (and still pending for payment) a child support debt claim as priority claim, the designation of the property as homestead for the minors and a nonliquidated community property. The presentation of debts that do not exist and debts that corresponds to third parties has been included for the purpose mentioned. The evidence requested to investigate is directly connected to the existence of the bankruptcy that would provoke nullity of any correlated procedures and is also related to Trusteed duties.

25. Regarding alegation #36 is relevant to understand that **the property that the trustee asks to sell to pay debts of third parties and others constitutes a Taking. The Trustee cannot take, appropriate or confiscate private property for personal use or the use of third private parties.** The property that the trustee requests to sell cannot be used for public use. Trustee cited a case, In re Gurley, that states Trustee responsibility to investigate debtor spouse of Fraudulent Transfers related to properties and assets concealed by spouse but Trustee did not exercise her investigative responsibility despite pointing out that indicates is her responsibility. In re Gurley case, 357BR868,877 (Bankr M.D.Fla 2006)

26. Regarding allegation #37, is pertinent to know that debtor achieved discharge of commercial debts from which omitted to include commercial properties directly related. Also refer to allegations #6, #7 and #8 of pages 3 and 4 of this document.

27. Regarding allegation #38, is pertinent to know that this claim was not present at the time of filing the adversary proceeding. The Trustee cannot make a claim waiting for the conditions for its claim to arise at a future date. Is pertinent explain that the debt was provoke by the debtor, the trustee and the creditor. Trustee explains in her writing that over the years will prosper in eliminating the homestead when the minor reaches legal age. Trustee provoke the mortgage debt, by claiming to sell the property without complying with the requirements and without having the right to sell and requesting permission to pay debts that do not correspond to the defendant, commercial debts that the debtor transferred the commercial properties, debts that do not exist and others debts from of third parties, with the participation of the defendant in the property.

28. Regarding allegation #39 it is relevant for the court to know that the Trustee has not standing to file the adversary proceeding. At the time of filing the claim, Trustee had to comply with the requirements of her claim. Is not justiciable a claim that at the date of claim does not exist and when are not present the necessary requirements for the claim to exist and the claim to proceed. The trustee changed the claim and is now is claiming the mortgage debt provoked after the adversary proceedings, that have been provoked at a later date by the trustee's claim by not allowing the property to be sold to the defendant affecting the rights of the minor and the defendant, and the debtor obstructed the distribution of the community property in accordance with the applicable law and with the assistance of the trustee and creditor.

29. Regarding allegation #40, is relevant to show that at the date of filing the bankruptcy the criteria for the existence of bankruptcy was not present nor the criteria necessary for the presentation of the adversary proceeding. The second motion requesting summary judgment contained a new different claim that did not exist at the time of the filing of the adversary proceeding. Is not justiciable, a claim which the plaintiff has to wait several years for the claim to exist or provoke adverse conditions and false claims to suggest compliance. Trustee, debtor and creditor provoke excessive expenses by filing claims that do not exist, by maintaining the property confiscated for several years for a purpose contrary to the laws and the constitution.

30. Regarding allegation #41, it does not require further clarification.

31. Regarding allegation #42, is relevant to form the community property that Trustee request to distribute. Trustee alleges that defendant is responsible to pay debts that correspond to third parties, while debtor obstructed liquidation of community property and trustee never recovered properties or traced assets related to the intended liquidation, to evade adequate distribution to consequently try to oblige defendant to pay debts not related to defendant with defendant participation in the property constitutes an appropriation or taking to use the property for purposes contrary to the Constitution.

## II.  APPLICABLE LAW

1.  The supremacy clause of the U.S. Constitution, art. VI, cl.2, invalidates state laws to the extent a law interferes with or is contrary to federal law.

2.  Takings Clause. The Fifth Amendment requires compensation when property was taken for public use. Takings restrict uses to a point where all value is lost.

3.  Bankruptcy law is not intended to be an original source of property rights. Bankruptcy is intended to provide for the modification of property rights that exist under nonbankruptcy law prior to the bankruptcy. Butner v. United States, 440 U.S. 48, 54–55 (1979) "Property rights are created and defined by state law." Many sections of the Code incorporate nonbankruptcy law, which means state or other federal law.

4.  Case precedent is a major variable in how the Bankruptcy Code works and depends upon the federal jurisdiction in which the state where the case is filed is located. Rulings from a circuit court are binding upon all lower courts in the circuit. Precedent from a circuit court is not binding upon any court outside that circuit. Precedent from a district is not binding on any other district court. The rulings of district or bankruptcy court judges are not even binding on other judges sitting on the same court.

5.  For the Sale of Jointly Owned Property, 11 USC § 363(h) allows a trustee to sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest if specific conditions are met.

6.  Under 11 U.S. Code § 363 (f) , (h) states,
"(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.
(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

7.  11 U.S. Code § 541 (a) & (d) - Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

   (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

   (A) under the sole, equal, or joint management and control of the debtor; or

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

8. In re Lang, 191 B.R. 268 (1995) is related to debtor Lang requesting that the court set aside its ruling granting the nondebtor spouse urgent motion.

9. Notwithstanding, the estate has no greater interest in an asset than the debtor had. 11 U.S.C. § 541(d). In re McCafferty, 96 F.3d 192 (6th Cir. 1996) nonfiling former spouse's interest in debtor's pension plan was held by him in trust and was not property of his estate.

10. The bankruptcy trustee is bound by rights created by state law, including the classification of assets by marital property agreement.

11. Related applicable State Law. Article 533.3 of the Civil Code provides that to sell record or mortgaging the common thing or give on lease for 6 years or more, the consent of all community members is required. The Art. 340 provide that the rules on partition of inheritance apply to the division of the community. The art. 340, 1022 provides that the individual from community can claim to be reimbursed the proportionate share of the payments to be made on behalf of the community. The Art. 1414 provides for terms of withdrawal when a co-owner of a common thing alienates participation to a stranger. The Art. 91 of the Civil Code prohibits encumber or dispose of real property without the written consent of both spouses, under penalty of nullity. The Art. 101 of the Civil Code provides that from the day the dissolution of divorce process is filed, will not be valid any debt or transaction by either spouse without the authorization of the Court that affect marital property. To liquidate the inventory of the community property it includes collation of donations made by either spouse considered fraudulent. The Art. 1318 of the Civil Code (art.1317) disposes debts paid with money if they were prior to marriage, among others. The Civil Code provides that from the moment the marriage is dissolved until it settles, a co-ownership of the assets is govern by the rules of community property contained in Articles 326 to 340 and not by the provisions of "Sociedad Legal de Gananciales" formed by married individuals .

12. In re Brasset, 332 BR 748 Lousiana (2005), es un caso similar al que se presenta y las leyes de ese estado son similares a las leyes de estatales Puerto Rico. En el caso se resolvio que The marital community of former spouses has never been partitioned. Under Louisiana Civil Code article 2338, community property comprises, in relevant part, all property acquired during the existence of the legal regime through the effort, skill or industry of either spouse, and the natural and civil fruits of community property. Moreover, assets in a spouse's possession during the existence of the community regime are presumed to be community. La. Civ.Code art. 2340. all transfers of the community's interest in the Joint Venture subsequent to the date the Joint Venture began were simulations and therefore null and void. She also invites the Court to conclude that MBI was merely the alter ego of M.Brassett, so that all the money deposited into MBI's bank accounts was community property. Since the proceeds from these assets all came into the sole possession of M.Brassett after the divorce, either directly or through his exclusive control of MBI and its bank accounts, he was obligated to account for these fruits to co-owner A. Brassett and turn over her share.

13. Under 11 U.S.C. § 507(a)(7) is granted priority status to claims for debts to a spouse, former spouse, or child of the debtor for support debts, unless the debt was assigned to another entity. Priority claims must be paid in full, unless creditor otherwise consents, 11 U.S.C. § 1222(a)(2), 1322(a)(2), except for governmental support claims.

14. Trustee is responsible for reviewing the timeliness and sufficiency of the documents filed by the debtor. The trustee must review these documents for any evidence of abuse that may provide the basis for a motion to dismiss pursuant to section 707(b). 11 U.S.C. § 704.

15. If the business of the debtor is authorized to be operated, file with the court and with any governmental unit charged with the responsibility for collection or determination of any tax arising out of such operations, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the court or the United States Trustee requires. 11 U.S.C. § 704(a)(8).

16. Avoidance, sec. 548(a)(1) allows avoidance of transfers within two years of filing with actual intent to hinder, delay or defraud creditors

## III. OPPOSITION TO REPLY

32. The trustee is citing legal provision and cases that do not apply to the facts. The defendant is not married to the debtor. The filing of the divorce petition between debtor and defendant was filed on December 28, 2006 and the divorce was in 2007. Two years before the filing of the bankruptcy petition, debtor was married to another person who is not the defendant. In order to proceed with the distribution of the community property requested by the trustee, it is necessary to apply state law as mentioned in the case of In re Brasset, 332 BR 748 Lousiana (2005) and distribute the community accordingly. The sequence of events detailed, are pertinent to know the procedures caused by the debtor to achieve purposes contrary to the law.

33. A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. The trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case. 28 U.S.C. § 586. Among the specific statutory duties of a trustee are set forth in section 704(a), there is, Investigate the financial affairs of the debtor. 11 U.S.C. § 704(a)(4); The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority creditors. If a loss occurs as a result of the trustee's failure to insure or protect estate property, the trustee could be subject to liability including a surcharge.

34. The trustee now claims that there was never an agreement or compromise to sell the property. By not selling the property to defendant, Trustee provoked unnecessary and excessive expenses to defendant. By confirming there was not a compromise, Trustee's action demonstrates that from the beginning Trustee has

been affecting the rights of minors and has been interfering with state law decree to achieve purposes contrary to Bankruptcy Code. The minor child is 19 years old and has not reached legal age of majority, and both are full-time students. The trustee cannot plead a future event that would occur when the minor reached legal age of majority and completes college studies. The trustee is relying on facts that could occur in a date later of the adversary proceeding filed to substantiate his claim provoked by Trustee's actions.

35. The provisions cited by the trustee do not apply. Since 9 years ago, the defendant is not married to the debtor.

36. Among the specific statutory <u>duties of a trustee</u> are set forth in section 704(a), there is, Investigate the financial affairs of the debtor. 11 U.S.C. § 704(a)(4). Trustee cited a case, In re Gurley, supra, stating responsibility to investigate debtor spouse of Fraudulent Transfers related to properties and assets concealed by spouse but Trustee did not exercise her investigative responsibility despite pointing out what indicates is her responsibility.

## IV. REQUESTED SUMMARY JUDGMENT

The trustee requests Courts permission to sell the property to a third party of her preference. Trustee request the Court permission to receive and distribute to creditors estate proceeds and deliver defendant the surplus that <u>may</u> result after payment of all joint debts and administrative expenses.

## IV. SUMMARY JUDGMENT STANDARD

A dispute of fact is sufficient to defeat a motion for Summary Judgment when the court has a real and substantial doubt about any relevant and pertinent fact. Having a controversial material fact in dispute, Court has the obligation to deny Summary Judgment.

## V. FACTS AND ISSUES ANALYSIS

A. Standard of 11 U.S.C. § 363(f) & (h)

    1. 11 U.S. Code § 363 (f) , (h) states,

"(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
    (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
    (2) such entity consents;
    (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
    (4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

2.  The requirements for granting the sale are not fulfilled. To determine the debtor's participation in the property, it is necessary to deduct the debts and all expenses paid by the defendant on behalf of the property including the mortgage payments that benefit the debtor. The participation of the debtor would be reduced to a very small amount which does not consider adjustments for other transfers made by debtor in fraud of the community property. The amount that results in debtor participation would be deducted by the amount of the unpaid child support claim that is a priority claim debt as per Bankruptcy Code. According to the order of distribution of the code, the only one that could receive a greater economic benefit is the Trustee.

3.  A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case. The trustee must be guided by this fundamental principle when acting as trustee. The trustee must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors, including unsecured priority creditors, before administering a case as an asset case. 28 U.S.C. § 586.

4.  Trustee cannot distribute to the creditors an amount greater than the share that corresponds to the debtor. Trustee cannot refuse to reduce the debtor's share by the portion of the monthly mortgage paid by the defendant that benefited the debtor in reducing the principal of the mortgage and the payment expenses related to the property. Trustee cannot eliminate child support debt claim or priority claim.

5.  Banco Popular is a bad faith creditor who has been claiming debts that do not exist that have been paid and commercial business debts that continues to operate, among others, resulting in affecting rights of minors and in affecting the State Law Decree to assist in acting and obtaining benefits contrary to the law of bankruptcy.

6.  The debtor, trustee and creditor have provoked excessive expenses for purposes contrary to the law. The defendant cannot continue to pay debts so that third parties benefit from these payments and use the court for purposes contrary to the laws and the constitution. For this reason the defendant has not continued to pay the monthly mortgage of the property from a date after the filing of the adversary proceeding, awaiting court evaluation of the proceedings. The bankruptcy court should evaluate the assistance provided to the debtor, by creditors and third parties to achieve their purposes contrary by the bankruptcy code.

7. The defendant is not married to the debtor and is not responsible for paying the debts incurred by the debtor. The request of the trustee includes paying debts that do not correspond to the defendant, debts that do not exist, commercial debts and others, with the participation of the defendant in the property. Such action, of taking private property to pay off debts of others, constitutes a Taking. Takings is only permitted when confiscation of the private property is made for a public purpose. In this claim, the Trustee is requesting to use the private property to sell it for a private use. The mentioned property is located in the center of a residential housing area that properties have private contracts of equity easements that prohibits public use.

B. Property of the State 11 USC § 541

8. 11 U.S. Code § 541 (a) & (d) - Property of the estate

" (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable **interests of the debtor** in property as of the commencement of the case.
(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
(A) under the sole, equal, or joint management and control of the debtor; or
(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

9. The defendant is not married to the debtor and is not responsible for paying the debts incurred by the debtor. The request of the trustee includes paying debts that do not correspond to the defendant, debts that do not exist, commercial debts and others with the participation of the defendant in the property. Such action, of taking private property to pay off debts of others, constitutes a Taking. Takings is only permitted when confiscation of the private property is made for a public purpose. In this claim, the Trustee is requesting to use the private property to sell it for a private use. The mentioned property is located in the center of a residential housing area that properties have private contracts of equity easements that prohibits public use.

C. FACTS AND EVIDENCE

10. Rule 401. Test for Relevant Evidence

"Evidence is relevant if:
(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action".

11. Rule 408. Compromise Offers and Negotiations

"(a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
(1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority".
(b) Exceptions. The court may admit this **evidence for another purpose,** such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution".

12. Rule 9019. Compromise and Arbitration

"(a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct".

13. The absence of a valid bankruptcy is essential and necessary for the existence of any claim related. All the information related to abuse and of fraudulent actions is necessary and pertinent and can be indicated at any time and in any process.

14. The information included is relevant because demonstrates failure to perform duties has led to its claim and other proceedings of the debtor. The bankruptcy code establishes that an official cannot support or approve debtor business and other schemes contrary to its management. 18 U.S.C. § 1519

15. The trustee should not point out a lack of evidence considering Bankruptcy code imposes Trustee basic responsibility to investigate and the evidence Trustee's alleges is requiring is a basic Trustee obligation to obtain, easily corroborated and has been submitted to trustee in several occasions.

16. The request for a summary judgment changes the request made for the adversary proceeding confirming Trustee's claim did not existed at the time Trustee filed the adversary proceeding. Trustee must meet basic requirements for the claim to file the adversary proceeding. It is not justiciable a claim that does not exist at the date of claim and there are none of the conditions present for the claim to exist.

17. Since June 2014, the defendant has stopped paying the mortgage on the property. Trustee changed her mind to her agreement to sell debtor's participation in the property to defendant. Given the uncertainty and refusal of Trustee of compensating defendant for the mortgage payments, expenses, the defendant's

participation in the property, it is not reasonable for Defendant to continue increasing the debt that the Trustee must pay to the defendant. Moreover, if the defendant continues paying the mortgage, would only have the effect of increasing Trustee's benefit and would not benefit any other creditor. The amount of mortgages debt claimed by Trustee was not present at the time of Trustee adversary proceeding and could not be part of Trustee claim. The court cannot grant remedies that were not claimed nor present at the time of the adversary proceeding filing nor claims that have been provoked by the Debtor, Trustee and Creditor to cause excessive expenses and to evade the payment of child support debt claim and the distribution of community property properly.

18. At the date of the adversary proceeding filing (14-00137), the defendant kept paying the monthly mortgage of the property requested to be sold and at that time there was no monthly mortgage debt as Trustee now claims. In addition, there was and still exists a priority debt of child support that the debtor has not paid yet. The community property between debtor and defendant has not been formed nor liquidated.

19. For several years, Trustee maintained defendant awaiting a culmination of an agreement which now Trustee alleges was false and not an agreement. A claim is not justiciable when a claimant has to manipulate the conditions, waiting several years for the claim to exist and interfere to provoke the claim to exist. Because of such agreement, Trustee maintained the defendant paying the mortgage payments for several years and incurring in expenses related to the property, lawsuit, legal fees and other excessive expenses. Now, Trustee is requiring the court permission to pay debts of third parties that do not correspond to the defendant with the participation of the defendant in the property.

D. Violation of the Takings Clause

20. Takings Clause. The Fifth Amendment requires compensation when property was taken for public use.

21. The trustee requests permission from the Court to sell and use the defendant's participation in the property, claiming that the defendant is the debtor's wife and that defendant is responsible to pay debts that do not exist, commercial debts from which the debtor transferred the related properties to his relatives, debts of third parties not related to defendant and other debts that did not benefit the community that existed between the defendant and the debtor.

22. The defendant is not liable for the debts incurred by the debtor after the filing the divorce, for the payment of debtor child support to which the debtor was obliged, for the debts incurred by debtor to maintain extravagant lifestyle with current spouse, for debts of third parties and others. Debts incurred by the debtor for the purpose of evading the payment of child support are not the responsibility of the defendant.

23. The Trustee request permission to liquidate the community property between debtor and defendant. After passing several years without recovering or tracing assets related to the community property that request liquidation and distribution, Trustee asks the Court to use the participation of the defendant in the property to pay the debts of third parties, commercial debts and others debts that do not exist. The proposed will assist debtor in maintaining concealed assets while defendant pays debts of third parties to allow debtor scheme to evade distributions of assets that corresponds to the community property that Trustee intends to distribute. The trustee discharged the commercial debts that correspond to the business of the debtor and allowed during bankruptcy proceedings the sale and transfers of commercial and other properties related to the commercial debts and others that were discharged maintaining debtor uninvestigated for seven years.

24. Trustee sale violates Taking Clause of Fifth Amendment. The Fifth Amendment requires compensation when property was taken for public use. Takings restrict uses to a point where all value is lost.

25. The Trustee cannot sell the property to obtain the proceeds of the sale to benefit third parties not related to the defendant or to dispose of the property for a non-public use. Such actions constitute a violation of the Fifth Amendment's Takings Clause. The property for which a request is made is a residential property located in the center of a private residential area that maintains equity easements that prohibit public use.

VI. REQUEST

1. The trustee cannot form an estate to distribute defendant's property and pay third party liabilities, non-existent debts and other business debts when during the bankruptcy proceedings debtor was allowed to transfer to relatives the commercial properties related to those business debts discharged. The mechanism of paying debts of third parties outside the community, would result in a taking (seizure) of a private property for private use which constitutes a constitutional violation.

2. The trustee must exercise his duties to investigate the debtor, the debtor's current spouse, the business that was receiving the discharge, and the individuals and entities that received and assisted in the transfers.

3. For seven years, the trustee has not recovered assets under debtor control nor investigated transfers for tracing assets related to the community property that intends to distribute. The trustee did not recover assets identified in a forensic report that contained properties related to debts claimed by creditors and others.

4. For many years, the creditor has obstructed defendant requests to investigate evidence related to liquidate the community property. The creditor is in bad faith and intends to collect debts that did not allowed to investigate, refused to provide information to the defendant and assisted the debtor in including in the bankruptcy claims that do not exist, which results in conforming the debtor obstruction of the liquidation of the community property.

5. After passing by more than seven years without recovering the assets and without investigating the related evidence while obstructing procedures by not allowing the defendant to investigate, the possibility of recovering assets related to the community property that trustee intends to distribute vanish or disappeared. Having precluded the defendant to investigate and recover asset identified and investigate further, obstruct the liquidation of community property necessary to pay off some of the debts claims. The debtor, the trustee and the creditor obstructed procedures from defendant to investigate, identify and recover assets to liquidate community property properly. This mechanism of obstruction assists debtor in keeping assets that do not correspond to him in fraud to the community property. After delimiting defendant rights by these actions, none can request to recover payments of debts for not permitting to recover the assets. The community property was formed by assets and debts and not only by debts. Creditors who assisted debtor to obstruct investigation and liquidation of community property are also assisting in not recovering their own debts, therefore, are implicitly condoning debt by implying that are not interested in receiving any payment.

6. Trustee recommended and approved a discharge of commercial debts directly related to commercial properties omitted and other assets that Trustee decided not to include in the bankruptcy. Defendant presented to Trustee a forensic report specifying omitted properties and documents evidencing Fraudulent Transfers directly related to the discharged debts and, also, related to the commercial (discharged) debt I am

being sued at State Court. Trustee was required to exercise duties to investigate and to use Avoidance Powers to recover the properties and others according to 11 USC § 704, 11 USC § 549 and under 11 USC § 544.

7. Trustee did not exercise her duties to investigate debtor debts & debtor spouse debts included in the bankruptcy, other accounts and businesses including extravagant lifestyle, costly legal representation while alleges being bankruptcy. In re Gurley, supra.

8. Defendant requested the Court to order the proper administration of the Estate according to the applicable laws and distribute accordingly. The Trustee's decision of not administering properly the estate nor investigating or avoiding transfers does not fall under any of the provisions of the Bankruptcy Code and related law. The Trustee could not choose not to investigate or administer properly. These responsibilities are directly related to her duties.

9. The partial summary judgment requested by Trustee does not proceed. Trustee did not submit evidence that enables the court to conclude the alleged participation of ownership and failed to submit the evidence and facts in support for the request for approval of the sale of the property. Trustee asks the Court to use the participation of the defendant in the property to pay the debts of third parties, commercial debts and others debts that do not exist.

10. Defendant requests this Court to deny the Summary Judgment. Trustee's request for permission for this sale of the property is in bad faith. Defendant had requested an investigation and recovery of the omitted assets to adequate determine Debtor participation before any distribution of the community property but was never conducted. The Trustee cannot transfer me the cost of having failed to comply with her duties imposed by the Bankruptcy Code and applicable laws.

11. Trustee could not administer any proceeds based on her allegation to pay off debts that do not exist or to pay debts from third parties not related to defendant. Trustee cannot sell the property to obtain the proceeds of the sale to benefit third parties not related to the defendant or to dispose of the property for a non-public use. Such actions constitute a violation of the Fifth Amendment's Takings Clause.

12. Defendant requests the court to dismiss Trustee's adversary proceeding to sell the property under 11 USC § 363. In the interest to mitigate damages related to the administration of the estate and other improper actions and procedures mentioned, Defendant requests the court to adjudicate the property to the defendant.

WHEREFORE it is respectfully requested that this Honorable Court deny Trustee's request for Summary Judgment, Adjudicate the property to the Defendant and Order other Remedies as requested to adequate compose estate according and matters indispensable to comply with applicable law this Court estimates necessary.

RESPECFULLY SUBMITTED
In San Juan, Puerto Rico, on December 19, 2016.

Amarilis González García
P.O. Box 11083
San Juan, Puerto Rico 00922
Tel. 787-605-0704
Email: amarilis@ymail.com

Exhibit 1

# ESTADO LIBRE ASOCIADO DE PUERTO RICO
## COMMONWEALTH OF PUERTO RICO

### DEPARTAMENTO DE SALUD - REGISTRO DEMOGRAFICO
(DEPARTMENT OF HEALTH - DEMOGRAPHIC REGISTRY)

### CERTIFICACION DE MATRIMONIO
(CERTIFICATION OF MARRIAGE)

NUMERO
A 1636273

NUMERO DE CERTIFICADO (CERTIFICATE NUMBER)
192-2009-00958-008227-2301726-01895998

NOMBRE DEL CONTRAYENTE A (NAME)
JUAN CARLOS BALCELLS GALLARRETA

FECHA NACIMIENTO (BIRTHDATE)          EDAD (AGE)
22 SEP 1961                           47

LUGAR NACIMIENTO (BIRTHPLACE)
SPAIN

NOMBRE DEL PADRE (FATHER'S NAME)      NOMBRE DE LA MADRE (MOTHER'S NAME)
JUAN BALCELLS GRAU                    LEONIE GALLARRETA OTHEGUY

NOMBRE DEL CONTRAYENTE B (NAME)
CRISTINA SANTAELLA SUAREZ

FECHA NACIMIENTO (BIRTHDATE)          EDAD (AGE)
24 AGO 1970                           38

LUGAR NACIMIENTO (BIRTHPLACE)
SAN JUAN, PUERTO RICO

NOMBRE DEL PADRE (FATHER'S NAME)      NOMBRE DE LA MADRE (MOTHER'S NAME)
ALFREDO A SANTAELLA LATIMER           ANA RITA SUAREZ SEIN

LUGAR DE CELEBRACION (CELEBRATION PLACE)
SAN JUAN, PUERTO RICO

FECHAS (DATES)   CELEBRACION (CELEBRATION)   INSCRIPCION (REGISTRATION)
                 15 MAY 2009                 26 MAY 2009

CELEBRANTE (OFFICIANT)                NOMBRE DEL CELEBRANTE (OFFICIANT NAME)
JUEZ (JUDGE)                          ANABELLE RODRIGUEZ RODRIGUEZ

FECHA EXPEDICION (DATE ISSUED)
22 NOV 2018

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ESTE ES UN ABSTRACTO DEL CERTIFICADO DE
MATRIMONIO OFICIALMENTE INSCRITO EN EL
REGISTRO DEMOGRAFICO DE PUERTO RICO.
BAJO LA AUTORIDAD CONFERIDA POR LA LEY 24
DEL 22 DE ABRIL DE 1931.

THIS IS AN ABSTRACT OF THE RECORD
FILED IN THE DEMOGRAPHIC REGISTRY OF
PUERTO RICO. ISSUED UNDER THE
AUTHORITY OF LAW 24 APRIL 22, 1931.

SECRETARIO DE SALUD
(SECRETARY OF HEALTH)

DIRECTOR REGISTRO DEMOGRAFICO
(STATE REGISTRAR)

ADVERTENCIA/WARNING: No es válido sin la presencia de la Marca de Agua.
Not valid without seen Watermark.
Cualquier alteración o borradura cancela esta Certificación.
Void if altered or Erased.

NO ES VALIDO SI SE ALTERA

Sello

DEPARTAMENTO DE SALUD
REGISTRO DEMOGRAFICO
NUM.
GUAYNABO

Sello de Rentas Internas
0009-2016-1000-49116075

Sello de Rentas Internas
0009-2016-1000-49116046

Exhibit 2

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| JUAN CARLOS BALCELLS GALLARRETA | CIVIL NUM. D AC2008-3144 (SALA 701) |
| DEMANDANTE | |
| v. | |
| AMARILIS GONZALEZ GARCIA | SOBRE: |
| DEMANDADOS | |
| v. | |
| GUSUPA, INC. | |
| TERCERO DEMANDADO | LIQUIDACION DE SOCIEDAD DE BIENES GANANCIALES |

## SENTENCIA DE ARCHIVO POR QUIEBRA

El 24 de febrero de 2012 el tercero demandado, Gusupa, Inc., presentó **MOCIÓN EN CUMPLIMIENTO DE ORDEN** reiterando su solicitud de paralización de los procedimientos. En el caso de autos el Presidente de Gusupa, Inc., Juan Carlos Balcells, radicó quiebra al amparo del Capítulo 7 del Código de Quiebras Federal el 31 de agosto de 2011.

Por los fundamentos antes expuestos, se resuelve dictar sentencia de archivo por quiebra para fines estadísticos, ordenando su archivo y reservándose jurisdicción este tribunal para decretar su reapertura, a solicitud de parte.

**REGÍSTRESE Y NOTIFÍQUESE.**

En Bayamón, Puerto Rico, a 28 de febrero de 2012.

1 c

ALBIS C. RIVERA MEDERO
JUEZ SUPERIOR