UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

JUAN CARLOS BALCELLS GALLARETA

    Debtor

CASE NO. 11-06637 (MCF)

CHAPTER 7

NOREEN WISCOVITCH RENTAS
CHAPTER 7 TRUSTEE

    Plaintiff

    v.

AMARILIS GONZÁLEZ GARCÍA

    Defendant

ADV. NO. 14-00137

## MOTION REQUESTING SUBPOENAS FOR INSURANCE COMPANIES

**TO THE HONORABLE COURT:**

    **COMES NOW** defendant, Amarilis González García ("Defendant"), through the undersigned attorney, and respectfully STATES and PRAYS:

    1.    Defendant has reasonable belief that Debtor 1) may have illegally transferred personal assets, prior to the filing of the Chapter 7 petition, to Gusupa, Inc. ("Gusupa"), a corporation where he was the president and had total control; 2) understated his income and earnings when filing the Chapter 7 petition; 3) understated his assets and, therefore, the assets of the estate, when filing the Chapter 7 petition; 4) failed to include his participation in Gusupa; among other things that impede Defendant, one of Debtor's largest creditors, to really assess the assets Debtor's estate possess to pay creditors off.

1

2. If new assets or income and/or earnings are discovered, Defendant as one of the largest creditors, will benefit from the opportunity to recover a larger portion of the $174,128.00 debt in domestic support obligations, as included in Defendant's proof of claim, an obligation which has significantly increased since the filing of the proof of claim almost 7 years ago.

3. Also, if new assets or income and/or earnings are discovered, the current adversary proceeding may be moot, since Trustee will have additional assets to pay creditors off.

4. In Debtor's 341 meeting, Debtor admitted that he acted as owner of the Gusupa to receive commercial lending since his parents, who he claims are the 'real' owners, did not have the sufficient credit strength to receive the commercial loan. Debtor's father admitted to the same in the 341 meeting in Bankruptcy case no. 11-07334. Debtor also admitted that he possessed no personal motor vehicle and that, instead, he was using a Gusupa's company car even after he stopped working in Gusupa.

5. Defendant has also demonstrated previous strange dealings of Gusupa which may be related to Debtor's presidency, including the sale of real estate property of Gusupa to a family member for significantly less than its market value; the rent of real estate property of Gusupa, where Gusupa assumed all costs but a third party received all the rents and benefits; and the commercial lending were Debtor and Defendant, before the divorce, appeared as sole owners of Gusupa, Debtor representing to the bank that Gusupa had a $1,000,000.00 value. These findings were included as part of **Docket no. 34**, in Carol Martínez Iserni's forensic report dated June 4, 2013.

6. Defendant needs to know the total amount of assets of the estate before the hearing on the merits of this adversary proceeding and said information can only be obtained with the

2

cooperation of third parties. This information is crucial to Defendant's counterclaim, filed as **Docket no. 12**.

7. In order to determine the assets and other property related for proper adjudication of this case, Defendant hereby requests, pursuant to Bankruptcy Rule 9016 and Rule 45 of the Federal Rules of Civil Procedures, that this Honorable Court issues an Order to TRIPLE S AUTO INSURANCE COMPANY, TRIPLE-S PROPIEDAD, INC., MAPFRE PUERTO RICO, UNIVERSAL INSURANCE COMPANY, POINT GUARD INSURANCE COMPANY, INC., COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO, ANTILLES INSURANCE COMPANY, ASOCIACION DE SUSCRIPCION CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, INC., INTEGRAND ASSURANCE COMPANY, and their successors, affiliates, subsidiaries and any other related company (the "Insurance Companies") to issue a certification informing and submitting copies of all documents related to insurance policies of any kind for trade, shipping, transportation and others in which appear the following names: GUSUPA INC, with taxpayer identification number XX-XXX3843; JUAN CARLOS BALCELLS GALLARRETA, social security number XXX-XX-1825; JUAN BALCELLS GRAU social security number XXX-XX-1775; and LEONIE GALLARRETA OTHEGUY social security number XXX-XX-6593 (the "Individuals"); and any other successor, affiliate or subsidiary that participates in any form of insurance. It is requested that the Insurance Companies provide copies of all documents from 2005 up to present.

8. This Honorable Court is requested to issue an Order requesting the Insurance Companies to submit certifications that evidence of the following:

3

A. Copy of all documents related to any type of insurance policies in which the name GUSUPA and the Individuals appear in connection with any form of commercial transaction, transport, transportation, or any other;

B. Copy of any statement, requests for credit or credit offerings, bonds, policies, of any type, that are owned in their individual character or jointly with any natural or judicial person; a detailed breakdown of payments is hereby requested along with copies of any related checks from the date of origin of the account up to present. In relation to each of the accounts, provide and certify the following:

   a. For each one provide: (a) insurance policy and account numbers; (b) types of insurance; (c) date of origination; (d) date of cancellation; (e) invoice information; (f) related banking entities; (g) persons or entities authorized to receive invoices; (h) persons or entities authorized to issue payments;

   b. Monthly record of each policy/account balances from opening to present;

   c. Provide copies of all monthly statements of each of the policies/accounts from opening up to present;

   d. Provide copy of the lists in detail each product/insurance purchased by the business from 2005 up to present. If the business stopped buying a product during that period, indicate reasons why the service was cancelled or changed;

   e. Provide copy of any information or document that insures businesses, sale, purchase of any product of the entities and persons above referenced;

C. Copy of any document relating to each insurance, bond, of any type or product in which GUSUPA and any of the Individuals appear as part of commercial

4

       references, intermediaries, agents, seller, representative, assistant and/or in any form related to insurance.

    D. It is hereby requested information and copy of evidence of bonds, guarantees, insurance, Financial Statements, letters, liability waivers and any other from 2005 up to present.

9. The information and documents requested herein shall be issued to the undersigned to the following address P.O. Box 9022074, San Juan, Puerto Rico 00902-2074 and to cgarcia@garciariveralaw.com within a term of ten (10) days from the date of notification of the Order. Failure to comply with this Order may result in the Banks being found in contempt of this Honorable Court.

10. If requested by this Honorable Court, Defendant can file a motion under seal with the complete social security numbers of the people of interest and the taxpayer identification number of Gusupa.

**WHEREFORE**, it is requested that this Honorable Court hereby grant Defendant Motion Requesting Subpoenas for the Insurance Companies and any other legal remedy that Defendant is entitled to.

**RESPECTFULLY SUBMITTED**.

San Juan, Puerto Rico, this 17th day of May, 2018.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record, including the Debtor and Chapter 7 Trustee; and that this motion was sent by first class mail to Triple S Auto Insurance Company at Triple-S Plaza, 8th Floor, 1510 Roosevelt Avenue, Guaynabo, P.R. 00968; Triple-S Propiedad, Inc., at 431 Ponce de León Ave., Piso 17, Hato Rey, P.R. 00917; MAPFRE Puerto Rico at P.O. Box 70333, San Juan,

5

P.R. 00936-8333; Universal Insurance Company at Metro Office Park, Calle 1 Lote 10, Guaynabo P.R., 00968; Point Guard Insurance Company, Inc., at Buchannan Office Center, Suite 510, Road 165, Guaynabo, P.R. 00968; Cooperativa de Seguros Múltiples de Puerto Rico at 38 Calle Nevárez, San Juan, P.R. 009279-4608; Antilles Insurance Company at P.O. Box 9023752, San Juan, P.R. 00902-3752; Asociación de Suscripción Conjunta del Seguro De Responsabilidad Obligatorio, Inc., at P.O. Box 11457, San Juan, P.R. 00910-2557; INTEGRAND ASSURANCE COMPANY at P.O. Box 70128, San Juan, P.R. 00936-8128; and to Juan Balcells Grau and Leonie Gallarreta Otheguy at P.O. Box 1012, San Juan, P.R. 00936.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

        **s/ CARLOS G. GARCÍA MIRANDA**
        **USDC-PR 302101**
        **E-mail: cgarcia@garciariveralaw.com**
        García & Rivera LLC
        Miramar Plaza
        954 Ponce de León Ave., Suite 707-E
        San Juan, P.R. 00907
        Tel.: 787-236-4244

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

**JUAN CARLOS BALCELLS GALLARETA**

    Debtor

CASE NO. 11-06637 (MCF)

CHAPTER 7

**NOREEN WISCOVITCH RENTAS
CHAPTER 7 TRUSTEE**

    Plaintiff

    v.

**AMARILIS GONZÁLEZ GARCÍA**

    Defendant

ADV. NO. 14-00137

## ORDER

**TO: TRIPLE S AUTO INSURANCE COMPANY, TRIPLE-S PROPIEDAD, INC., MAPFRE PUERTO RICO, UNIVERSAL INSURANCE COMPANY, POINT GUARD INSURANCE COMPANY, INC., COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO, ANTILLES INSURANCE COMPANY, ASOCIACION DE SUSCRIPCION CONJUNTA DEL SEGURO DE RESPONSABILIDAD OBLIGATORIO, INC., INTEGRAND ASSURANCE COMPANY,** and their successors, affiliates, subsidiaries and any other related company (the "Insurance Companies"), pursuant to Bankruptcy Rule 9016 and Rule 45 of the Federal Rules of Civil Procedures, to issue a certification informing and submitting copies of all documents related to insurance policies of any kind for trade, shipping, transportation and others in which appear the following names: GUSUPA INC, with taxpayer identification number XX-XXX3843 ("GUSUPA"); JUAN CARLOS BALCELLS

7

GALLARRETA, social security number XXX-XX-1825; JUAN BALCELLS GRAU social security number XXX-XX-1775; and LEONIE GALLARRETA OTHEGUY social security number XXX-XX-6593 (the "Individuals"); and any other successor, affiliate or subsidiary that participates in any form of insurance, it is ordered to provide copies of all documents from 2005 up to present.

The Insurance Companies must submit certifications that evidence of the following:

A. Copy of all documents related to any type of insurance policies in which the names of GUSUPA and the Individuals appear in connection with any form of commercial transaction, transport, transportation, or any other;

B. Copy of any statement, requests for credit or credit offerings, bonds, policies, of any type, that are owned in their individual character or jointly with any natural or judicial person; a detailed breakdown of payments is hereby requested along with copies of any related checks from the date of origin of the account up to present. In relation to each of the accounts, provide and certify the following:

   a. For each one provide: (a) insurance policy and account numbers; (b) types of insurance; (c) date of origination; (d) date of cancellation; (e) invoice information; (f) related banking entities; (g) persons or entities authorized to receive invoices; (h) persons or entities authorized to issue payments;

   b. Monthly record of each policy/account balances from opening to present;

   c. Provide copies of all monthly statements of each of the policies/accounts from opening up to present;

8

    d. Provide copy of the lists that detail monthly each product/insurance purchased by the business from 2005 up to present. If the business stopped buying a product during that period, indicate reasons why the service was cancelled or changed;

    e. Provide copy of any information or document that insures businesses, sale, purchase of any product of GUSUPA and the Individuals.

C. Copy of any document relating to each insurance, bond, of any type or product in which GUSUPA and the Individuals appear as part of commercial references, intermediaries, agents, seller, Representative, Assistant and/or in any form related to insurance.

D. It is hereby requested information and copy of evidence of Bonds, Guarantees, Insurance, Financial Statements, letters, liability waivers and any other from 2005 up to present.

E. Defendant and Insurance Companies served with this Subpoena must comply with the requirements set forth in Rule 45 of the Federal Rules of Civil Procedures which state, among others that:

> (d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.
>
> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
>
> (2) *Command to Produce Materials or Permit Inspection.*
>
> (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
>
> (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to

9

producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

10

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

11

The subpoena requested that a complete certify copy shall be issued to the undersigned to the following address P.O. Box 9022074, San Juan, Puerto Rico 00902-2074 and to cgarcia@garciariveralaw.com within a term of ten (10) days from the date of notification of the Order. The Order may be notified by facsimile. Noncompliance with this Order may result in finding the Insurance Companies in contempt of this Honorable Court. Be Registered and Notified;

In San Juan, Puerto Rico, May____, 2018.

_____
MILDRED CABÁN FLORES
JUDGE