# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 11-06637 (MCF)** |
| **JUAN CARLOS BALCELLS GALLARETA** | **CHAPTER 7** |
| Debtor | |
| | **ADV. NO. 14-00137** |
| **NOREEN WISCOVITCH RENTAS** <br> **CHAPTER 7 TRUSTEE** | |
| Plaintiff | |
| v. | |
| **AMARILIS GONZÁLEZ GARCÍA** | |
| Defendant | |

### REPLY TO TRUSTEE'S MOTION TO OPPOSE MOTIONS REQUESTING SUBPOENA

**TO THE HONORABLE COURT:**

**COMES NOW** defendant, Amarilis González García ("Defendant"), through the undersigned attorney, and respectfully STATES and PRAYS:

1. On April 25, 2018, Defendant filed 6 motions requesting subpoenas to different third parties (**Docs. No. 111-116**), which were opposed by Trustee (**Doc. No. 117**) and denied by this Honorable Court on April 30, 2018, "for failure to comply with Puerto Rico Local Bankruptcy Rule 9013−1(c) and for failure to serve the motion to compel production to the mailing addresses of the nonparties" (**Docs. No. 119-124**).

2. On May 17, 2018, Defendant filed 6 new motions requesting subpoenas, correcting the deficiencies signaled by this Honorable Court, (**Docs. No. 134-139**), the Trustee opposing the motions again, making reference to its opposition filed in **Doc. No. 117** (**Doc. No. 140**).

1

3. The instant adversary case was filed to seek approval of this Honorable Court for the sale of co-owned property (the "Property") of the estate pursuant to section 363(h) of the Bankruptcy Code, but Defendant filed a counterclaim on its answer to the complaint in which Defendant questions Debtor's assets and income at the time of the filing of Debtor's Chapter 7 petition (the "Petition"), the sale of assets of the estate without authorization of this Honorable Court, Trustee's unwillingness to sell the Property to Defendant, among others (the "Counterclaim") (Doc. No. 12).

4. The Counterclaim is still pending in this adversary case.

5. Debtor has been imprecise when disclosing his assets. In Debtor's 341 meeting, Debtor under oath admitted that he acted as owner of Gusupa, Inc. ("Gusupa") to receive commercial lending since his parents, who he claims are the 'real' owners, did not have the sufficient credit strength to receive the commercial loan. Debtor's father also admitted under oath to the same in the 341 meeting in Bankruptcy case no. 11-07334. Debtor also admitted under oath that he possessed no personal motor vehicle and that, instead, he was using a Gusupa's company car even after he stopped working for Gusupa. This demonstrates that Debtor may be confusing his assets with those of his parents and Gusupa.

6. Defendant has also demonstrated previous strange dealings of Gusupa which may be related to Debtor's presidency, including the sale of real estate property of Gusupa to a family member for significantly less than its market value; the rent of real estate property of Gusupa, where Gusupa assumed all costs but a third party received all the rents and benefits; and the commercial lending were Debtor and Defendant, before the divorce, appeared as sole owners of Gusupa, Debtor representing to the bank that Gusupa had a $1,000,000.00 value. These findings

were included as part of **Docket No. 34**, in Carol Martínez Iserni's forensic report dated June 4, 2013.

7. The facts that may be discovered upon the issuing of the subpoena orders are not only crucial to Defendant's Counterclaim and defenses, but also helps Trustee determine Debtor's real assets, which may be distributed to Debtor's creditors, including but not limited, Defendant.

8. Defendant's request for the issue of orders of subpoena will help Trustee perform its duties under a Chapter 7 proceeding. Section 704 of the Bankruptcy Code states:

> (a)The trustee shall—
>
> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
>
> […]
>
> (4) investigate the financial affairs of the debtor […]

9. Essentially, Defendant's request of orders of subpoenas are part of an investigation of Debtor's financial affairs in an attempt to at least partially recover the $174,128.00 in domestic support obligations owed to her, as included in Defendant's proof of claim, an obligation which has significantly increased since the filing of the proof of claim almost 7 years ago.

10. As previous spouse of Debtor, Defendant has reasonable belief that Debtor's assets at the time of the filing of the Petition may have been higher than what was reported.

11. With the issuing of the subpoenas, this Honorable Court will be able to finally determine if Debtor's assets and income were under or overstated, and if there was fraud when filing the Petition.

12. The issue of the subpoenas will not affect Trustee's rights within the case and will not delay the proceedings pending in this case since we are still under the 60-day discovery extension granted by this Honorable Court on April 20, 2018 (**Doc. No. 108**).

13. Regarding the sale pf the Property by Trustee, pursuant to section 363(h) of the Bankruptcy Code, Section 363(h) states:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) **the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners**; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. (Emphasis added).

14. As Defendant has explained before, the sale of the Property is detrimental to Defendant and her children. Not only is the Property the principal residence and home of Defendant and her children, it is her children's homestead and the place where they grew up.

15. Defendant needs to know the total amount of assets of the estate before the hearing on the merits of this adversary proceeding and said information can only be obtained with the cooperation of third parties.

**WHEREFORE**, it is requested that this Honorable Court hereby issue the subpoena orders requested by Defendant, in a manner similar to the orders filed as **Docs. 134-139**.

**RESPECTFULLY SUBMITTED**.

San Juan, Puerto Rico, this 25th day of May, 2018.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record, including the Debtor and Chapter 7 Trustee.

        **s/ CARLOS G. GARCÍA MIRANDA**
        **USDC-PR 302101**
        **E-mail: cgarcia@garciariveralaw.com**
        García & Rivera LLC
        Miramar Plaza
        954 Ponce de León Ave., Suite 707-E
        San Juan, P.R. 00907
        Tel.: 787-236-4244