# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | |
| **JUAN CARLOS BALCELLS GALLARETA**<br>DEBTOR | **CASE NO. 11-06637 MCF**<br><br>**CHAPTER 7** |
| **NOREEN WISCOVITCH RENTAS**<br>TRUSTEE FOR THE ESTATE OF JUAN BALCELLS GALLARETA<br>Plaintiff | Adv. No. 14-00137 |
| v. | |
| **AMARILIS GONZÁLEZ GARCÍA**<br>Defendant | |

## SUR-REPLY TO DEFENDANT'S REPLY TO
## TRUSTEE'S OPPOSITION TO SUBPOENAS

**TO THE HONORABLE COURT:**

**COMES NOW**, Noreen Wiscovitch Rentas, Trustee of the Chapter 7 Bankruptcy Estate of Juan Balcells Gallareta, represented by its undersigned attorney and to this Honorable Court very respectfully states and prays that:

1. On April 25, 2018, Defendant filed six motions requesting subpoenas directed to several persons that are not a part of the instant adversary proceeding. *See Dkt. 111 - 116*.

2. On April 27, 2018, Plaintiff opposed Defendant's requests stating that Defendant was using the instant adversary proceeding to discover Debtor's assets and that the evidence requested through the subpoenas was not related to the an 11 U.S.C. 363(h) adversary procedure, under Fed. R. of Evid. 401. *Dkt. 117*.

3. On April 30, 2018, the aforementioned requests for subpoena were denied for failure to comply with Local Bankruptcy Rule 9013-1. *Dkt. 119 - 124*.

*4.* On May 17, 2018, Defendant filed again the six motions requesting subpoena on May 17, 2018. *Dkt. 134-139*.

*5.* On May 21, 2018, Plaintiff filed a Motion to Oppose requesting that the legal arguments raised on the previous opposition (*Dkt. 117*) be applied to the new request for subpoenas.

6. On May 25, 2018, Defendant filed a motion replying to Plaintiff's opposition. *Dkt. 141*. None of Defendant's allegations state that the subpoenas would allow her to obtain any evidence related to her defenses on the adversary proceeding for the approval of sale of property of the Estate, pursuant 11 USC 363(h).

7. On the contrary, Defendant alleged that the information she intends to discover is only to recover the domestic support obligation claim filed by her. Clearly stating that: "the request for subpoenas are part of an investigation of Debtor's financial affairs in an attempt" to recover her claim and to "determine if Debtor's assets and income were under or overstated, and if there was fraud when filing the petition". See *Dkt. 141 at paragraph 9, 11*.

8. Defendant also intends to discover the assets of a corporation on which Debtor allegedly participated, called Gusupa, Inc.

9. However, Gusupa, Inc. is not a party at the instant case nor has been summoned. As a corporation, under Puerto Rico law, it is an independent legal person or entity with its own assets separate from its shareholders. *See 14 L.P.R.A. § 3505*. See also <u>Sucn. Santaella v. Srio. de Hacienda</u>, *96 D.P.R. 442, 451 (1968)*; <u>Sucn. Pérez v. Gual</u>, *76 D.P.R. 959, 963 (1954)*; <u>Swiggett v. Swiggett, Inc.</u>, *55 D.P.R. 76, 83 (1939)*.

10. The assets of Gusupa, Inc. and/or Debtor's participation in the corporation <u>are not related to a 11 USC 363(h) adversary proceeding</u> for the approval for sale of property of the Bankruptcy Estate and a co-owner.

11. Pursuant the order issued on April 20, 2018 (Dkt. 108), the cut off date for discovery is on <u>June 4, 2018</u>, or today. Granting the subpoenas would result in an unnecessary extension of the

procedures, only to obtain evidence that is relevant to Defendant's non-dischargeable claim and not the instant adversary proceeding.

12. Fed. R. Civ. Proc. 26(b)(1) states that the parties may obtain discovery regarding any matter **which is relevant to the subject matter involved in the pending action.** However, Rule 26(c) allows court to restrict discovery of relevant material upon a showing of good cause by the party seeking relief in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

13. Based on the aforementioned admissions of Defendant in its reply, Plaintiff hereby requests that the requests for subpoena filed by Defendant at Dkt. 134-139 be denied and that Defendant be restricted from the discovery of Debtor's and Gusupa, Inc. assets, pursuant Rule 26(c).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to take notice of the aforementioned; to DENY Defendant´s Motion Requesting Subpoena at *Dkt. 134, 135, 36, 137, 138, 139* and an Order be entered RESTRICTING Defendant from discovering any matters not related to an 11 U.S.C. 363(h) adversary proceeding.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the Assistant US Trustee at the US Trustee's Office, Ochoa Building, 500 Tanca Street, Suite 301, San Juan, Puerto Rico 00901 and all parties in interest.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on June 4, 2018.

**/s/ AIMEÉ LÓPEZ PABÓN**
**USDC-PR 229906**
Email: al@g-glawpr.com

G|G
GODREAU & GONZALEZ
LAW, LLC

P.O Box 9024176,
San Juan, PR 00902-4176
Tel. (787) 726-0077