# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | |
| **JUAN CARLOS BALCELLS GALLARETA** | **CASE NO. 11-06637 (MCF)** |
| Debtor | **CHAPTER 7** |
| | |
| **NOREEN WISCOVITCH RENTAS** <br> **CHAPTER 7 TRUSTEE** | **ADV. NO. 14-00137** |
| Plaintiff | |
| v. | |
| **AMARILIS GONZÁLEZ GARCÍA** | |
| Defendant | |

**MOTION REQUESTING ORDER COMPELLING DISCOVERY AND EXTENSION OF THE DISCOVERY PERIOD**

**TO THE HONORABLE COURT:**

**COMES NOW** defendant, Amarilis González García ("Defendant"), through the undersigned attorney, and respectfully STATES and PRAYS:

1. On April 4, 2018, Defendant filed a motion requesting a sixty (60) day extension of the discovery period and continuance of the pretrial conference (**Doc. No. 106**), this Honorable Court granting such extension until June 4, 2018 (the "Extension of Discovery") (**Doc. No. 108**).

2. On April 25, 2018, Defendant sent Plaintiff via certified mail its Second Set of Interrogatories and Request for Production of Documents (the "Discovery Request"), which was received by Plaintiff on April 27, 2018, Rafael González, Esq. ("Mr. González"), signing the acknowledgment of its receipt (**Exhibit 1**).

1

3. Also on April 25, 2018, Defendant filed six (6) motions requesting subpoenas to different third parties (**Docs. No. 111-116**), which were opposed by Trustee (**Doc. No. 117**) and denied by this Honorable Court on April 30, 2018, "for failure to comply with Puerto Rico Local Bankruptcy Rule 9013−1(c) and for failure to serve the motion to compel production to the mailing addresses of the nonparties" (**Docs. No. 119-124**).

4. On May 17, 2018, Defendant filed six (6) new motions requesting subpoenas, correcting the deficiencies signaled by this Honorable Court (the "Motions Requesting Subpoenas") (**Docs. No. 134-139**), the Trustee opposing them again, making reference to its opposition filed in **Doc. No. 117** (the "Opposition") (**Doc. No. 140**).

5. On May 25, 2018, Defendant replied to the Opposition (the "Reply") (**Doc. No. 141**), while Plaintiff filed a sur-reply to the Reply on June 4, 2018 (the "Sur-reply") (**Doc. No. 142**), alleging, among other things, that the cut off for discovery was June 4, 2018, and that "[g]ranting the subpoenas would result in an unnecessary extension of the procedures".

6. On June 5, 2018, thirty-nine (39) days after the receipt of the Discovery Request by Plaintiff's attorneys, Defendant sent a letter to Plaintiff's attorneys requesting a prompt answer to the Discovery Request.

7. On that same date, a copy of the Discovery Request was sent by email to Aimeé López, Esq. ("Ms. López"), after she told the undersigned that she had not received the Discovery Request.

8. On June 6, 2018, this Honorable Court issued an order rescheduling the pretrial conference for August 29, 2018, at 9:00 am (**Doc. No. 143**).

9. On June 18, 2018, the undersigned emailed Ms. López again requesting the answer to the Discovery Request.

2

10. As of today, June 26, 2018, sixty (60) days after Plaintiff received the Discovery Request, no answer of the same has been received by Defendant.

11. The cut off provided by the Extension of Discovery has ended and, due to Plaintiff's fault and/or negligence, Defendant has not received the answers to the Discovery Request, which was sent by certified mail and received by Mr. González on April 27, 2018. Also, as of today, this Honorable Court has not yet ruled regarding the Motions Requesting Subpoenas, although the pretrial conference was rescheduled for a later date.

12. Both the Discovery Request and the information to be gathered through the issuing of subpoenas as requested in **Docs. No. 134-139** are crucial to Defendant's case.

13. Federal Rules of Civil Procedure 33 and 34, made applicable to adversary proceedings by Federal Rules of Bankruptcy Procedure 7033 and 7034, respectively provide a term of thirty (30) days to answer interrogatories and production of documents, while Federal Rule of Civil Procedure 37, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037, allows for a Bankruptcy Court to issue an order compelling the discovery and imposing sanctions and costs to the party that fails to discover.

**WHEREFORE**, it is requested that this Honorable Court hereby issue an order compelling the discovery of the Discovery Request, imposing sanctions and costs as it deems necessary; further extend the discovery period for at least thirty (30) additional days; and issue a ruling regarding the Motions Requesting Subpoenas (**Docs. No. 134-139**).

**RESPECTFULLY SUBMITTED**.

San Juan, Puerto Rico, this 26th day of June, 2018.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record, including the Debtor and Chapter 7 Trustee.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**s/ CARLOS G. GARCÍA MIRANDA**
**USDC-PR 302101**
**E-mail: cgarcia@garciariveralaw.com**
García & Rivera LLC
Miramar Plaza
954 Ponce de León Ave., Suite 707-E
San Juan, P.R. 00907
Tel.: 787-236-4244