IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>JUAN C BALCELLS GALLARETA<br>Debtor | BANKRUPTCY 11-06637 MCF<br>ADV PROC 14-00137<br><br>CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS<br>Chapter 7 Trustee<br>Plaintiff<br>vs<br>AMARILYS GONZALEZ GARCIA<br>Defendant | *Status Conference 8/29/2018 @ 9:00 am doc #150* |

## DEBTOR JUAN C. BALCELLS GALLARETA's MOTION TO QUASH DEFENDANT's SUBPOENAS & REQUEST FOR SANCTIONS

TO THE HONORABLE COURT:

    COMES NOW, JUAN C. BALCELLS GALLARETA, as a party in interest, through his legal representation who respectfully requests as follows:

### LIMITED APPEARANCE of NON-PARTY TO SUBPOENAS

1. Juan C. Balcells Gallareta [herein party in interest or Debtor] is a party in interest in these proceedings but is not a named party in the §363(h) proceeding between the Chapter 7 Trustee and defendant, Amarillys González García.

2. Juan C. Balcells Gallareta is defendant's ex-spouse and father of their two adult children.

3. Juan C. Balcells Gallareta and defendant together hold title to the property subject of this §363(h) proceeding located in Villa Real, Guaynabo.

4. It is the real property held in common by debtor and defendant at petition date that is the subject of the instant §363(h) proceeding and which was valued at petition date at $420,000[1];

---

[1] During this protracted §363(h) litigation the value of the subject property has since depreciated as a result of lack of maintenance & upkeep by defendant. The property as per opinion of value by the Trustee is at approximately $300,000. The property is located in the most prime real estate area in Puerto Rico and least affected by the real estate industry's crash, Villa Reales, Guaynabo.

the balance of mortgage at petition date was approximately $58,942[2] and the HOA claim that accrues at $140 monthly was at approximately $9,145.65 at petition date.[3]

5. Under Code §726 in the order of payment, the entire interest in the subject real property is liable for the unsecured community debts incurred during the marriage between debtor and defendant, as well as the escalating outstanding mortgage and all of the HOA default and property taxes that have accrued as a result of the willful non-payment of the mortgage and the monthly HOA maintenance fee by defendant during the major part of 12 years while occupying the real property, virtually free or practically free during the long years.

6. Debtor filed for protection under chapter 7 in bankruptcy case #11-06637 filed on **August 5, 2011** and was discharged on November 5, 2013.

7. Debtor sought refuge in the bankruptcy court under chapter 7 primarily to surrender his only real property and asset to the chapter 7 Trustee for liquidation and the eventual distribution and satisfaction of $125,046[4] owed in DSO payments, as well as the pro-rata distribution to his and the extinct community's other general unsecured creditors, for which both defendant and debtor are also liable as community debts.

8. Debtor was discharged of his dischargeable debts on **November 5, 2013**.[5] The deadline for claim holders or parties in interest to object or except from his discharge was duly noticed by the Clerk of this Court for **February 4,** 2012. This same deadline was available to creditors and parties in interest to move for the dismissal of the bankruptcy for abuse, fraud or other similar or allowable basis. No party filed a proceeding under either §523 or §727 of the Bankruptcy Code or moved to dismiss, other than an adversary filed by the U.S. Trustee that was eventually withdrawn by the plaintiff. Refer to AP #14-00133 withdrawn at doc #18.

9. Defendant was properly noticed and in fact participated in the bankruptcy case, but failed to formally raise the allegations she is now belatedly attempting to raise to justify discovery through subpoenas after the 4 years that this §363(h) proceeding has been pending in the Court's docket.

---

[2] Similarly, as a result of defendant not maintaining the mortgage current, the mortgage balance has unnecessarily accrued excessive arrearage and foreclosure expenses, despite the DSO payments paid to defendant by debtor until recently while the two children were still minors, that included payment of mortgage, defendant has caused the property to go into foreclosure and accrue escalating foreclosure expenses, late charges, attorney fees etc.

[3] Despite living in the real property defendant has not maintained HOA current and on information and belief has ballooned to more than $25,000.

[4] The Proof of Claim filed by defendant at $174,128 is disputed by debtor has not been discharged and of course must be satisfied from the proceeds of the eventual sale of the subject property, despite the Trustee's representations that the DSO claim will not participate from the proceeds of the sale.

[5] Refer to Amended **Schedule H – Codebtors** at doc #97 in the bankruptcy case.

10. Debtor is a party in interest in these proceedings but is not a formal party to these proceedings, although he is a party to the state court family litigation DDI 2006-4055 and was a party to the inactive division of community property proceeding filed by him at DAC 2008-3144, each of which were similarly extended and protracted by defendant, Amaryllis Gonzalez.[6]

11. Defendant, Amarillys González García is the named defendant and the real party in the matter before this Court. If any financial information is needed in these proceedings, it should be defendant's financial information that should be disclosed in these proceedings not that of a non-party for which defendant seeks subpoenas.

12. It is defendant and not debtor who is required in this proceeding to show that the detriment to her as a self-sufficient professional and their two adult children who do not primarily reside in the subject property is outweighed by the detriment to the creditors of this Estate from the sale of the subject property titled and held in common with debtor in the bankruptcy. Furthermore, it is defendant's burden to show why she is not required to allow and consent to the sale of property as she would be required under state law, upon one of the members of the community suing to dissolve the community, instead of remaining in in-division in the community in perpetuity. See Art. 334 Division of Common Property (31 L.P.R.A. § 1279).

13. Under state law no one can be forced to live perpetually in an undivided community. Why is the bankruptcy process any different than under state law that requires liquidation and division of the community property? Furthermore, Trustee, under state law, assumes the rights and 'shoes' of a tenant in common of a property and the Estate likewise cannot be forced in perpetuity to remain in an undivided community. See Art. 334 Division of Common Property (31 L.P.R.A. § 1279).

14. Accordingly, it is Plaintiff, the Chapter 7 Trustee of the bankruptcy estate who is the other real party to these proceedings and not the debtor. It is Trustee that bears the burden of showing that that the estate's detriment outweighs defendant's detriment which, if any, is minimal now that her 2 children are adults and do not primarily reside in the subject property with defendant. Defendant is an independent and self-sufficient professional that can easily adapt to substitute housing if she has no interest in purchasing the estate's interest in the subject property[7].

15. Under the reality and facts of this proceeding under §363(h) the detriment to defendant is non-existent and cannot outweigh the interest of all creditors of the estate, including defendant as a creditor, when under state law there is no defense or cause that could force a joint tenant

---

[6] Debtor has never been formally served with any counter-suit that his counsel has just noticed was defectively filed at doc #12 by defendant, but never served on debtor, nor a Summons issued to bring him into these proceedings.

[7] The Chapter 7 Trustee made defendant an offer of judgment at docs #44 and #46 under Fed. R. Bankr. P. 7068 on **August 4, 2015**.

in common to remain in a state of in division when the children of the marriage are both adults and no longer protected by homestead of any kind.

16. The Chapter 7 Trustee, as the plaintiff and Ms. Amaryllis Gonzalez, as defendant, are the real parties in this proceeding. Thus, debtor's financial information demanded for production by defendant's Subpoenas is neither relevant or a factor to be weighed in a §363(h) proceeding to sell a property held in common by joint tenant. Refer to doc #1 in this proceeding AP #14-00137.

## INTRODUCTION & PROCEDURAL POSTURE

17. This adversary proceeding [#14-00137] has been pending before this Court since **May 30, 2014,** or 1,550 days ago, or 50.28 months ago. The bankruptcy case [#11-06637] was filed in **August 5, 2011**. Refer to docs #1 in each of the cited proceedings before this Court.

18. The Chapter 7 Plaintiff, Noreen Wiscovitch sued Ms. Gonzalez, defendant herein under a very limited scope §363)(h) proceeding to obtain consent to sell defendant's participation in property of the estate and under a very limited scope proceed to administer what the Bankruptcy Code and the U.S.T. guidelines require of a Trustee.

19. At 4 years into these proceedings, defendant has requested subpoenas of non-parties in that of debtor and others of his retailers, merchants, banks and government at docs #111, #112, #113, #114, #115 and #116[8] and again at docs #134, #135, #136, #137, #138 and #139.

20. The §363 adversary initiated four years ago by the Chapter 7 Trustee against defendant is not related or relevant to the post-petition financial and commercial affairs or information of the debtor now subject of the subpoena requests and discovery. The subject subpoenas sought to be quashed herein are outside the scope of Fed. R. Civil P. 26(b)(1) and should quashed, struck and denied by the Court under Fed. R. Civil P. 45(d)(3).

21. Debtor and the other non-parties have received the Subpoenas directed to them docketed in this Court's file as referenced and described at footnote #9 herein. The Subpoenas filed by defendant are outrageous and may have already been noticed or served on debtor's merchants, retailers, banks and governmental and taxing entities that hold confidential financial information which is embarrassing, confidential and private, as well as damaging to debtor, and such information is not minimally related or pertinent to the issues in the instant §363(h) proceeding.

22. The first subpoenas requested and filed by defendant on April 25, 2018[9] were denied by the Court but then reinstated by defendant Amaryllis Gonzalez Garcia, Esq. on virtually identical grounds.

---

[8] These were denied by this Court at docs #119, #120, #121, #122, #123 and #124.

[9] The subpoenas are directed to "banks", "Merchant Companies", "DTOP & DRNA", "Insurance Companies", "Department of Treasury & IRS" & "Pharmacies" at docs #111 to #116.

Refer to docs #111, #112, #113, #114, #115 and #116 and the Court Orders denying the same at docs #119, #120, #121, #122, #123, #124 and #125.  Reinstatement of virtually identical Subpoenas after the Court's denial are at docs #134, #135, #136, #137, #138 and #139.

23. One year ago, on **August 30, 2017** at doc #96 the parties to the §363 complaint were granted 60 days to complete discovery and 30 days to file a Pre-Trial Report.[10]  Notwithstanding the requirements by the Rules of Civil Procedure and the orders of this Court, discovery should have been completed long ago.

24. Yet on **April 25, 2018,** or 46.26 months after the filing of this proceeding, defendant filed 6 subpoenas to Gusupa, Inc. and Balcells, Sr.'s vendors, merchants, suppliers, retailers, banks and government only 14 days prior to the PreTrial Conference scheduled 7.26 months before and 8.9 months after the Court Order to complete discovery within 60 days [**August 30, 2017**], and exactly on the 39-month anniversary of the filing of the instant §363(h) proceeding.

25. The pretrial in this matter was scheduled since **February 20, 2018** at doc #103 for **May 9, 2018**.  At doc #107 the Court on defendant's request once again extended discovery as requested at doc #106 until **June 4, 2018** and the Pretrial was rescheduled to **August 18, 2018**, then to **August 29, 2018**.

26. Seven days prior to the most recent Pretrial Conference at doc #149, defendant once again requests continuance of the hearing and to extend discovery for 60 additional days.  This Court denied the requests but nevertheless converted the **August 29, 2018** Pretrial into a Status Conference.  Refer to doc #150.

27. The legal docket of the adversary proceeding is filled with 153 entries as of August 27, 2018 of untimely delays virtually all generated by defendant, and most recently with untimely, irrelevant discovery and Subpoenas demanding privileged accounting, financial information and documentation from several vendors, suppliers, government agencies, banks, merchants, etc of Gusupa Inc, from unrelated third parties and from the appearing parties.

SUPOENAS REQUESTED TO BE QUASHED Fed. R. Civil P. 26(b)(1) & 45(d)(3)[11]
BACKGROUND

Defendant's docs #134 to #139 offer the following as justification for the Subpoenas.  Debtor here reproduces the pertinent portions of one of the *Motion Requesting Subpoenas* as evidence of the outrageousness of the discovery and the need for this Court to quash and halt the continued attempts by defendant to do harm, cause injury and expense to all parties and to debtor's good name and the

---

[10] Prior to this the Court had also granted the parties 60 days to complete discovery, to file dispositive motions or a pretrial report as far back at **February 23, 2015** at doc #32 & on **September 7, 2017** at doc #96 the parties were also granted 60 days to complete discovery and 30 days thereafter to file a Joint Pretrial Report.

[11] Technically we find that Fed. R. Civil P. 45 does not apply to adversary proceedings in bankruptcy.

Subpoenas are most probably in violation of the discharge injunction received by the debtor over 5 years ago:

The *Motion* at doc #136 as an example of all 6 motions, in pertinent part reads as follows:

1. *Defendant has reasonable belief that Debtor 1) may have illegally transferred personal assets, prior to the filing of the Chapter 7 petition, to Gusupa, Inc. ("Gusupa"), a corporation where he was the president and had total control; 2) understated his income and earnings when filing the Chapter 7 petition; 3) understated his assets and, therefore, the assets of the estate, when filing the Chapter 7 petition; 4) failed to include his participation in Gusupa; among other things that impede Defendant, one of Debtor's largest creditors, to really assess the assets Debtor's estate possess to pay creditors off.*

2. *If new assets or income and/or earnings are discovered, Defendant as one of the largest creditors, will benefit from the opportunity to recover a larger portion of the $174,128.00 debt in domestic support obligations, as included in Defendant's proof of claim,* **an obligation which has significantly increased since the filing of the proof of claim almost 7 years ago**.

3. **Also, if new assets or income and/or earnings are discovered, the current adversary proceeding may be moot, since Trustee will have additional assets to pay creditors off**.

4. *In Debtor's 341 meeting, Debtor admitted that he acted as owner of the Gusupa to receive commercial lending since his parents, who he claims are the 'real' owners, did not have the sufficient credit strength to receive the commercial loan. Debtor's father admitted to the same in the 341 meeting in Bankruptcy case no. 11-07334. Debtor also admitted that he possessed no personal motor vehicle and that, instead, he was using a Gusupa's company car even after he stopped working in Gusupa.*

5. **Defendant has also demonstrated previous strange dealings of Gusupa** *which may be related to Debtor's presidency, including the sale of real estate property of Gusupa to a family member for significantly less than its market value; the rent of real estate property of Gusupa, where Gusupa assumed all costs but a third party received all the rents and benefits; and the commercial lending were Debtor and Defendant, before the divorce, appeared as sole owners of Gusupa, Debtor representing to the bank that Gusupa had a $1,000,000.00 value. These findings were included as part of Docket no. 34, in Carol Martínez Iserni's forensic report dated June 4, 2013.*

6. **Defendant needs to know the total amount of assets of the estate before the hearing on the merits of this adversary proceeding and said information can only be obtained with the cooperation of third parties. This information is crucial to Defendant's counterclaim, filed as Docket no. 12**.

7. **In order to determine the assets and other related property for proper adjudication of this case**, *Defendant hereby requests, pursuant to Bankruptcy Rule 9016 and Rule 45 of the Federal Rules of Civil Procedures, that this Honorable Court issues an Order to BANCO POPULAR DE PUERTO RICO, SCOTIABANK DE PUERTO RICO, FIRST BANK PUERTO RICO, ORIENTAL BANK, AMERICAN AIRLINES FEDERAL CREDIT UNION, CITIBANK, AMERICAN EXPRESS, and all its divisions and/or subsidiaries (the "Banks") to certify information for the entity named GUSUPA INC, with taxpayer identification number XXXXX3843; and JUAN CARLOS BALCELLS GALLARRETA, social security number XXX-XX1825; JUAN BALCELLS GRAU, social security number XXX-XX-1775; LEONIE GALLARRETA OTHEGUY social security number XXX-XX-6593 (the "Individuals"),* **as primary, additional and secondary signers and with any participation in the account, for individual or company and in its personal name and on behalf of any other entity,** *the following information is requested:*

    A. *The numbers of checking accounts, savings, business, stocks, bonds, mutual funds, certificates of deposit, IRAs, mortgages, investments, credit, trust, wire transfers, memos, collateral agreements, loan amortization schedules,* **or any account that has or owns in any participation, in individual character or business, with any natural and legal entity, corporation or other Order to provide monthly accounts from the date of origin to the present.** *In respect to each of the above accounts, please provide and certify the following information:*
        a. *Account numbers and account type;*

b. *Opening and closing date for each account;*
   c. *History of monthly balances of each account from its origins up to present;*
   d. *Provide copy of the monthly statements of each of the accounts from the source account to the present;*
   e. **Provide copies of all documents for any loan requests, copy of the complete loan files including credit card, line of credit, promissory notes and any other account from the origination date of the account to the present.**
   f. **Copy of any other information or document related to the individuals and corporation above mentioned.**
8. *The subpoena issued authorizes the undersigned or other individual authorized by them to appear to inspect and request copy of any of the banks records requested, to verify all information related to such accounts within these institutions and to obtain a copy of any document related to these accounts, individuals and entities even if not named here. The information and documents requested herein shall be issued to the undersigned to the following address P.O. Box 9022074, San Juan, Puerto Rico 00902-2074 and to cgarcia@garciariveralaw.com within a term of ten (10) days from the date of notification of the Order. Failure to comply with this Order may result in the Banks being found in contempt of this Honorable Court. . . ."*

Emphasis provided.

FRCP 26(b) Discovery Scope & Limits

*(1) Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' **relative access to relevant information,** the parties' resources, **the importance of the discovery in resolving the issues,** and whether **the burden or expense of the proposed discovery outweighs its likely benefit. . . .***

FRCP 45(d) Protecting a Person Subject to a Subpoena; Enforcement

   3) Quashing or Modifying a Subpoena.

   *(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:*

   *(i) fails to allow a reasonable time to comply;*
   *(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);*
   *(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or*
   *(iv) subjects a person to undue burden.*

28. Debtor herein seeks to quash and objects the Subpoenas demanding production of financial information that is not minimally related or relevant to the issues in the §363(h) proceedings under the plain and clear meaning of Fed. R. Civil P. 26(b)(1) that defines the scope and limits of discovery.

29. Debtor requests the quashing of the Subpoenas. The production demanded in the outrageous Subpoenas are of a protected matter in that of federal and state tax returns and purchases from retailers, pharmacies, etc. are also confidential and private. Fed. R. Civil P. 45 (d)(3).

30. Additionally, the production demanded and the contents of each of the *Motions Requesting Subpoenas* as read from the 6 Subpoenas have been drafted with intent to smear the good reputation and name of debtor and disturb debtor's *fresh start*. Debtor's Discharge was granted and entered by this Court after allowing all parties the opportunity to bring evidence such as defendant is now after 7 years attempting to raise. Debtor's *fresh start* should free debtor from such attacks and allegations made without support outside the parameters, the time limitations and the pressures that this defendant is once again subjecting him to. Refer to docs #111 to #116 denied by this Court at docs #119 to #124 and repeated and filed by defendant at docs #134 to #139, not yet ruled upon by this Court.

31. Defendant's untimely, inappropriate and blatantly false allegations as those contained in the *Motions Requesting Subpoenas* are outrageous and with the intent to disturb debtor's *fresh start* and should be severely sanctioned by this Court. Refer to footnote #11 and the partial reproduction of one of the 6 *Motions Requesting Subpoenas* filed on two separate occasions by this defendant. Refer to docs #111 to #116 denied by this Court at docs #119 to #124 and repeated and filed by defendant at docs #134 to #139, not yet ruled upon by this Court.

32. Furthermore, the demanded production exposes debtor imminent and continuing injury from defendant's careless and unreasonable and overboard and confidential and unrelated quest for discovery.

33. The production demanded in the Subpoenas, even if true or correct or a true representation of fact, is not related or relevant to the narrow issue involved in a §363(h) proceeding to sell estate property. Neither is the evidence sought, if it exists or even if true or demonstrative of any illegality of this debtor and/or the corporation, timely after the November 5, 2013 discharge, 57.22 months ago. Debtor denies all of the allegations contained in each of the 12 separate motions requesting subpoenas.

34. Fed. R. Civil P. 26(b)(1) limits the scope of discovery to **any nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to **relevant information**, the parties resources, the **importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Emphasis added.

35. The evidence sought by defendant in her subpoenas is **privileged** and is neither **relevant** to a §363 proceeding to obtain consent to sell this defendant's participation in property of the estate, nor **proportional** to the needs of the case, nor **important in resolving the issues** in a §363 complaint brought by the Chapter 7 Trustee or defendant's defense.[12]

---

[12] Insurance companies at doc #114 [denied @ #122]: Triple S Propiedad Inc., Mapfre Puerto Rico, Universal Insurance Co, Point Guard Insuarance Co Inc, Cooperativa de Seguros Multiples de Puerto Rico, Antilles Insurance Co. Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio Inc., Integrand Assurance Co. **demanding certification & copies of documents related to insurance policies of any kind for trade, shipping, transportation and which appear in Gusupa Inc, Juan C Balcells Gallareta, Juan Balcells Grau and Leonie Gallarreta Otheguy's**

36. Additionally, the material and financial information sought to be disclosed and produced is embarrassing, private, or privileged commercial information of the debtor in the hands and control of the subpoenaed merchants, retailers, banks and government and request to quash is supported under Fed. R. Civil P. 45(d)(3).[13]

37. Accordingly, these same subpoenas are also overboard, oppressive and burdensome and the request to quash is additionally supported under Fed. R. Civil P. 45(d)(3).[14]

38. The most recent Subpoenas at docs #134, #135, #136, #137, #138 and #139 have not been disposed of by this Court and debtor prays that these be quashed and denied and the defendant ordered to cease and desist from her campaign to cause harm to the reputation and the good standing of the debtor before any and all the entities commanded to produce in the subject subpoenas.

39. Without support in fact or the law, Ms. Gonzalez pretends to demand production and discovery with her outrageous Subpoenas to debtor's personal merchants, retailers, bankers, government entities and taxing authorities[15] in a fishing expedition of privileged and irrelevant

---

**names**; to Pharmacies at doc #116 [denied @ #124] to: Walgreens of Puerto Rico, CVS Pharmacy LLC, CVS PR Center Inc, Walmart Puerto Rico Inc, Luma Inc., Puerto Rico Drug Co Inc., at doc #112 [denied @ #120] el Market Puerto Rico Corp. Garbo Mode LLC, Caribbean Trading Co., Inc., Miami Souvenirs, E. Moran Inc., El Colmadito Distributors Corp., **to issue certification and copies of all documents related to purchase and sale any type of product for commerce in which appear in Gusupa Inc, Juan C Balcells Gallareta, Juan Balcells Grau and Leonie Gallarreta Otheguy's names;** to DTOP & DRNA at doc #113 [denied @ #121]to: Puerto Rico Department of Transportation & Public Works, Department of Natural & Envirnomental Resources **demanding to provide a certification including a description of all vehicles, trailers, equipment, boats, and any others, that are registered to Gusupa Inc, Juan C Balcells Gallareta, Juan Balcells Grau and Leonie Gallarreta Otheguy's names from 2004 up to present** & also **demanding that the certification include any ownership transfer of the vehicles during same time period & that the certifications include names of purchasers and current owners, date, description of the vehicles, as well as any other relevant information"**; to all banking institutions at doc #111 [denied @ #119] including BPPR, Scotiabank de Puerto Rico, First Bank of Puerto Rico, Oriental Bank, American Airlines Federal Credit Union, Citibank, American Express **information for the entity named Gusupa Inc, Juan C Balcells Gallareta, Juan Balcells Grau and Leonie Gallarreta Otheguy's names as primary, additional and secondary signers and with any participation in the account, for individual or company and in its personal name & on behalf of any other entity demanding numbers of checking accounts, savings, business, stocks, bonds, mutual funds**, etc etc; and finally at doc #115 [denied @ #123] to the Department of Treasury, IRS, CRIM, SIF **demanding to issue certified copies of Income Tax Returns [federal & state], including every Addendum &/or attachment, that appear under the names of Gusupa Inc, Juan C Balcells Gallareta, Juan Balcells Grau and Leonie Gallarreta Otheguy's names that have filed from the year 2000 to present**.

Later in the docket are additional & repeated Supoenas to Insurance Companies at doc #134, to Retail Stores at doc #135, Fiscal Agencies at doc #137, Banks at doc #136, Marine Merchant Companies at doc #138, Local Agencies at doc #139 with similar demands for production as aforementioned. These requests for Subpoenas have not been ruled upon by the Court.

[13] Refer to footnote #12 for the description and listing of the information & material subpoenaed to be produced by this defendant which is sought to be quashed and objected.

[14] Refer to footnotes #12, #13.
[15] Refer to footnotes #12, #13, #14.

financial information and data that has no support in the law or in fact or has it any bearing on these proceedings.

40. The subpoenas are outside the scope of Fed. R. Civil P. 26(b)(1): the information subpoenaed in not relevant to the issues involved in the §363(h) proceeding and are burdensome and are overboard and the requests are not for legitimate purposes related or relevant to these proceedings.[16]

41. Ms. Amaryllis Gonzalez, defendant herein is a licensed attorney. She should be held to a higher standard of due diligence and relevancy in her now typical style and shotgun tactics both in this proceeding and in the prior state court proceeding in division of community property [DAC 2008-3144], as well as in the ongoing family court proceedings in DDI 2006-4055.

42. The discovery is outside, by a very wide margin, of the scope of discovery under Fed. R. Civil P. 26(b)(1) and has been submitted with the intent to oppress, do harm and had cost to the debtor which has been discharged and relieved of any matter that could have or should have been raised in a logical and supported manner in the bankruptcy case on or before the deadlines applicable in the bankruptcy case.

43. The description of the material highlighted in bold at footnote #5 to be produced in defendant's subpoenas are outside the scope of discovery, they are embarrassing, privileged commercial financial information, the requests are overboard and burdensome to produce and appear to not be motivated by legitimate purposes by defendant.

44. Parties are required to exercise due diligence and defendant as a licensed attorney defendant must be cognizant that the Rules of Civil and Bankruptcy Procedure do not support her requests against the third parties, adding expense and delay to these proceedings and to the non-parties.

45. The justification offered by defendant to subpoena the non-parties was also the subject of unsuccessful attempts by defendant in DAC 2008-3144 Division of Community Property action before the state court. In DAC 2008-3144 defendant attempted to bring Gusupa Inc into the division of community property action and a court of competent jurisdiction ruled that no property exists or shares of any kind are owned or owed to the extinct community by Gusupa Inc. There, a court of competent jurisdiction as long ago as December 20, 2010 dismissed defendant's third-party complaint against the corporation. The allegations disallowed by the state court and later confirmed by the Appeals Court as unfounded and unsupported are almost identical to today's allegations used as justification to subpoena the non-parties who appear herein.

---

[16] Refer to footnotes ##12, #13, #14, #15.

46. In the division of community property state court case [DAC 2008-3144], Gusupa Inc.'s attorneys were successful in obtaining the dismissal of the third-party suit brought by Ms. González against the corporation through Summary Judgment but at a price. In the division of property third party counter-suit against the corporation, the state court reasoned that Ms. Gonzalez had not presented evidence to accredit that she or the marriage and community previously constituted with Juan C. Balcells Gallareta, had acquired any shares in the corporation, nor that she ever appeared and signed as purchaser in any of the transactions where the corporation had purchased real properties, as alleged by Ms. Gonzalez.

47. On appeal by Ms. Gonzalez, the Appeals Court on March 25, 2011 affirmed the Judgment dismissing the third-party complaint brought by Ms. Gonzalez against Gusupa Inc at high cost and effort to the corporation in KLAN 2012-00751.

48. Defendant must be held accountable for her duplicity and irrelevant subpoenas to gather privileged and unrelated evidence from third parties and ordered to stop before continuing to cause more harm and more damage to debtor and the other parties victimized by defendant's outrageous subpoenas.

49. The subject subpoenas have been filed without a legitimate purpose, and most probably to harm, embarrass, oppress debtor and add cost and expense to him and to these proceedings.

## CONCLUSION

50. Debtor requests that the discovery through subpoenas be quashed when virtually the same issues were unsuccessfully raised by defendant more than 8 years ago and denied and were ruled upon by a court of competent jurisdiction in that of the State Court action in division of community property DAC 2008-3144.

51. The subpoenaed financial information is outside the scope of Fed. R. Civil P. 26(b)(1) and should be quashed under Fed. R. Civil P. 45(d)(3) as overbroad, embarrassing, overly burdensome, irrelevant, immaterial and the information sought is confidential or protected by privilege and have not been sought with a legitimate purpose, and more importantly are in violation of the discharge entered in the bankruptcy case more than 5 years ago.

52. Defendant has no cause nor procedural or legal justification to warrant her intromission through what is but a fishing expedition into the financial and commercial information of the non-parties that may or not be available or in a format of easy access to the non-parties, even if the information could be considered within the scope of Fed. R. Civil P. 26(b)(1), which it is not.

53. Debtor requests that the Subpoenas be quashed by the Court and its Order quashing, if granted, be made extensive to each of the non-parties that defendant purports to subpoena, in that of his merchants, retailers, banks and to the government who do not appear herein.

WHEREFORE, Juan C. Balcells Gallareta respectfully prays that this Court:

a) Quash and strike defendant Amaryllis González García requests for subpoenas;

b) Conclude that defendant's requests for subpoenas are overbroad, embarrassing, overly burdensome, irrelevant, immaterial and the information sought is confidential or protected by privilege and has not been sought with a legitimate purpose by this defendant;

c) Order defendant to show cause why she should not be sanctioned for her unsupported, unreasonable and damaging quest for discovery of the financial information sought in her subpoenas in an amount of no less than $2,500 of attorney fees incurred to date in retaining counsel to appear on debtor's behalf in these proceedings;

d) Order defendant to cease and desist from disturbing and violating the discharge and fresh start debtor has earned and of right to the *honest but unfortunate debtor*. All the time limitations and dates have long passed for any party to come forth with evidence that this debtor has been other than *honest;*

e) Any additional relief and remedy that this Court finds just and proper.

I CERTIFY that on this same date a copy of this motion has been filed with the Court's CmEcf noticing system and upon information and belief will notice all parties participants in CmEcf with this pleading filed herein on this same date, particularly to the U.S. Trustee, to the Chapter 7 Trustee, her counsel, Ms. Aimee Lopez Pabon at al@g-glawpr.com , to defendant through her counsel Carlos G. Garcia Miranda, Esq. at cgarcia@garciariveralaw.com and all other participants therein.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

On August 27, 2018 in Caguas for San Juan, Puerto Rico.

s/ *L.A. Morales*
LYSSETTE MORALES VIDAL
USDC PR #120011
L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
#76 AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL.: 746-2434 / 787-258-2658
Fax (855)298-2515
E-mail: lamoraleslawoffice@gmail.com &
irma.lamorales@gmail.com